THE STATE OF OHIO, APPELLANT, *v.* SHAKER, APPELLEE.

· (No. 41115—Decided April 10, 1980.)

*Mr. Jose Feliciano,* for appellant.
*Mr. Elmer A. Giuliani,* for appellee.

KRENZLER, C. J.   On April 27, 1979, a complaint was filed in the Cleveland Municipal Court against the defendant-appellee, Fuad Shaker, hereinafter referred to as appellee, by Cleveland Police Officer James Lynsky. Appellee was charged with operating a gambling house, contrary to the provisions of R. C. 2915.03.

Appellee pled not guilty and the case came to trial before the court without a jury on June 7, 1979. The Municipal Court judge swore in the witnesses. Then, the judge invited the prosecutor to make an opening statement. The prosecutor stated. that she waived an opening statement. The court invited appellee's counsel to make an opening statement. Instead, appellee's counsel moved for a "directed verdict" (actually, a motion to dismiss) on the ground that it was mandatory for the prosecutor to make an opening statement. At that point, the prosecutor indicated that she would make an opening statement. Appellee's counsel objected saying that once the state had waived making an opening statement, it was precluded from making an opening statement. Appellee's counsel further argued that appellee had to be discharged.

The court requested that the parties prepare briefs on the issue. On June 21, 1979, the parties' attorneys argued the issue before the court. The court stated as follows:

"The Court: I think the purpose of the opening statement is to apprise the defendant of the charges against him and the evidence that's been brought up. And the motion to dismiss is granted, defendant is discharged."

The state, appellant herein, filed a motion for leave to appeal this decision. This court granted the state's motion. The state asserts the following assignment of error for our consideration:

"The trial court erred in granting defendant's motion to dismiss because the prosecution waived opening statement."

The state argues that the trial court erred in granting appellee's motion to dismiss because R. C. 2945.10 is discretionary, not mandatory; waiver of an opening statement by the prosecution does not give rise to a directed verdict; and the prosecution waived its right to make an opening statement, rather than its duty. We shall examine these contentions.

R. C. 2945.10 provides, in relevant part, as follows:

"The trial of an issue upon an indictment or information shall proceed before the trial court or jury as follows:

"(A) *Counsel for the state must first state the case for the prosecution,* and may briefly state the evidence by which he expects to sustain it.

"(B) *The defendant or his counsel must then state his defense,* and may briefly state the evidence which he expects to offer in support of it.

"(C) *The state must first produce its evidence* and the *defendant shall then produce his evidence.*
"* * *

"The court may deviate from the order of proceedings listed in this section." (Emphasis added.)

R. C. 2901.04 states as follows:

"(A) Sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused.

"(B) *Rules of criminal procedure and sections of the Revised Code providing for criminal procedure shall be construed so as to effect the fair, impartial, speedy, and sure administration of justice.*" (Emphasis added.)

Construing R. C. 2945.10 "so as to effect the fair, impartial, speedy, and sure administration of justice," R. C. 2901.04(B), we conclude that R. C. 2945.10 was not intended

to impose a duty upon the prosecutor to make an opening statement in every case, but was merely intended to provide a required order of proceedings at a trial.

The language in R. C. 2945.10(A) which supposedly creates a mandatory duty for the prosecutor to always present an opening statement is that "[c]ounsel for the state must first state the case for the prosecution***." R. C. 2945.10(B) provides further, in similar language, that "[t]he defendant or his counsel must then state his defense***." Further, R. C. 2945.10(C) states that "[t]he state must first produce its evidence and the defendant shall then produce his evidence." All of this language apparently creates mandatory duties for the state and the defendant. Of course, imposing a mandatory duty upon a defendant to always state a defense and produce evidence would raise serious constitutional and statutory problems. Such an interpretation of R. C. 2945.10 would conflict with the state's traditional burden of going forward and proving a defendant guilty beyond a reasonable doubt. R. C. 2901.05(A); *In re Winship* (1970), 397 U. S. 358.[1]

The legislature could not have intended to create such a conflict. Therefore, the language in R. C. 2945.10(B) which states that "defendant or his counsel must then state his defense" must mean that if a defendant chooses to make an opening statement of his defense, he must do so at that point in the proceedings, unless the court chooses to deviate from the order of proceedings listed in the statute. Similarly, the use of the same language in R. C. 2945.10(A) must mean that if the prosecutor chooses to make an opening statement, he must do so before the defendant makes his opening statement. R. C. 2945.10(C) must mean that the state must produce its evidence first. If the defendant chooses to present evidence, he will do so after the state's production of evidence. That R. C. 2945.10(A), R. C. 2945.10(B), and R. C. 2945.10(C) merely refer to order of presentation is further indicated by the section of the statute stating that "[t]he court may deviate from the order of proceedings***." If R. C. 2945.10(A) somehow creates a requirement that the state must make an opening

---

[1] We note that R. C. 2901.05(A) does impose a burden upon a defendant to go forward with evidence of an affirmative defense and to prove an affirmative defense by a preponderance of the evidence. This, however, is quite different from imposing a burden upon every defendant to state a defense, even when he chooses not to assert an affirmative defense.

statement, such a requirement is utterly inconsistent with permitting the court latitude to deviate from the order of proceedings listed in the statute.

Appellee argues that the prosecutor's opening statement is required because it provides necessary notice to him and to the court of the state's claim against him. Further, appellee argues that this statement is necessary in that it provides notice of the contemplated course of prosecution so as to enable the defendant to meet the charges against him. First, there is ample notice of the charges against a defendant by virtue of the complaint or indictment filed against the defendant by the state. A defendant has significant discovery rights under Crim. R. 16 to enable him to obtain necessary evidence to properly prepare a defense. R. C. 2945.10(A) does not require the state prosecutor to state any evidence by which he expects to sustain his case against a defendant. Therefore, appellee was not prejudiced by the prosecutor's failure to make an opening statement.

Of course, the above reasoning then dictates that the waiver of an opening statement by the prosecution would not justify the granting of a motion to dismiss in favor of the defendant. Thus, the prosecution in the instant case merely waived its right to make such a statement. It did not have a mandatory duty to make an opening statement.[2]

---

[2] Appellee cites *State* v. *Karcher* (1951), 155 Ohio St. 253, for the proposition that the state is obligated to make an opening statement. In that case, however, the Ohio Supreme Court only held as follows at paragraph one of the syllabus:

"Where, in a criminal proceeding, the state's statement of its case indicates that the accused was charged with the offense for which he is being tried and there is no admission of fact showing that no offense was committed or that the accused was not guilty of the offense charged, a motion by the accused for judgment on such statement should be overruled."

The court further stated as follows:

"If the prosecutor should make an admission of fact which shows that no crime had been committed, or that the accused was not guilty of the crime charged, doubtless the court would be justified in sustaining a motion to discharge the accused. 23 Corpus Juris Secundum, 670. Although there appears to be no decision of this court directly upon this question, that such action of the court would be justified in a proper case may be inferred from the decision of this court in *State* v. *Lowenstein,* 109 Ohio St., 393, 142 N.E., 897, 35 A.L.R., 361, wherein it was held that an opening statement by the prosecutor containing facts which would at least constitute prima facie evidence of guilt does not justify the court in taking the case from the jury upon a motion of the accused.

For the above reasons, the trial court erred in granting appellee's motion to discharge, and the state's assignment of error is well taken. The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.[3]

*Judgment reversed*
*and cause remanded.*

PATTON and CORRIGAN, JJ., concur.

---

"However, in the opinion of this court, an inference could be drawn from the facts stated by the prosecutor in the instant case that the accused was charged with the criminal act for which she was then being put on trial." *State* v. *Karcher, supra,* at 256.

*State* v. *Karcher* only asserts the appropriate standards for the analysis of a prosecutor's opening argument. The opinion does not require that the prosecutor make an opening statement in every case.

[3] There is no double jeopardy issue presented by a retrial of appellee in the instant case. In the case of *Serfass* v. *United States* (1975), 420 U. S. 377, the United States Supreme Court stated the appropriate rule as follows:

"As an aid to the decision of cases in which the prohibition of the Double Jeopardy Clause has been invoked, the courts have found it useful to define a point in criminal proceedings at which the constitutional purposes and policies are implicated by resort to the concept of 'attachment of jeopardy.' See *United States* v. *Jorn, supra,* at 480. In the case of a jury trial, jeopardy attaches when a jury is empaneled and sworn. *Downum* v. *United States,* 372 U. S. 734 (1963); *Illinois* v. *Somerville,* 410 U. S. 458 (1973). *In a nonjury trial, jeopardy attaches when the court begins to hear evidence. McCarthy* v. *Zerbst,* 85 F. 2d 640, 642 (CA10 1936). See *Wade* v. *Hunter,* 336 U. S. 684, 688 (1949). *The Court has consistently adhered to the view that jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is 'put to trial before the trier of the facts, whether the trier be a jury or a judge.' United States* v. *Jorn, supra,* at 479. * * * " (Emphasis added.) *Serfass* v. *United States, supra,* at 388.

In the instant case, appellee was tried before the court. The court did not begin to hear evidence. Thus, jeopardy had not attached.