THE STATE OF OHIO, APPELLEE, *v.*
SCOTT, APPELLANT.

(No. 82-CA-8—Decided February 23,
1983.)

*Ms. Nancy Hammond,* law director,
and *Mr. Terry K. Sherman,* for appellee.
*Mr. John C. Bryan* and *Mr. William
J. Abraham,* for appellant.

JONES, J. On January 19, 1982, a
complaint was filed in the Washington
Court House Municipal Court charging
appellant, Rodman Scott, with a violation
of R.C. 4933.42, theft of cable television
service, a misdemeanor of the third
degree. Prior to trial, appellant filed mo-
tions to suppress evidence and dismiss the
complaint. The trial court denied the mo-
tions and the case proceeded to trial. On
April 21, 1982, the jury returned a verdict
of guilty against appellant for theft of
cable television service as charged in the
complaint. The trial court imposed a $150
fine as sentence and suspended the execu-
tion of the sentence pending appeal. Ap-
pellant now appeals the judgment of the
trial court. The facts leading to this ap-
peal are briefly stated below.

When this case initally arose, ap-
pellant, Rodman Scott, was the Chief of
Police of the city of Washington Court
House. Sergeant Larry Walker, a police
officer of the Washington Court House
Police Department, had been in-
vestigating the disappearance of several
cable television converter units from the
Court Cable Vision Company in
Washington Court House. The converter
units allow cable television subscribers to
receive expanded cable television pro-
gramming from the cable company. On
February 26, 1981, Walker entered the
office of the appellant and inquired of him
whether he had a converter unit in his
possession. Appellant responded in the af-
firmative, and he and Walker drove to ap-
pellant's residence.

At appellant's home, Walker ob-
served the converter unit on appellant's
television set in his family room. Walker
did not observe whether the unit was at-

1

tached to the television set but only observed appellant wrapping loose wires around the unit and placing it in a closet.

A special investigation was subsequently conducted by attorney Robert Kincaid. In the course of the investigation, appellant was questioned concerning his unauthorized possession of the converter unit. Appellant explained that he purchased the unit from Captain Brown of the Washington Court House Police Department for $100. According to appellant, an electronics expert manufactured the unit and Brown connected it to appellant's television set.

Although appellant did subscribe to the basic cable service of Court Cable Vision Company, he did not subscribe to the extended service received through the converter unit. Nevertheless, no direct evidence was presented at trial to show that appellant actually used the converter to obtain the extended service.

On appeal, appellant asserts the following assignments of error:

"I. The trial court erred in overruling the defendant-appellant's motion for judgment of acquittal at the close of the state's opening statement.

"II. Ohio Revised Code, Section 4933.42(B), is in violation of the due process clause of the Fourteenth Amendment to the United States Constitution and therefore void.

"III. The provisions of Ohio Revised Code, Section 4933.42(B) as applied to defendant-appellant in this case are violative of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

"IV. The court erred in overruling defendant-appellant's motion for judgment of acquittal at the close of the state's case.

"V. The court committed plain error in failing to instruct the jury on the nature of the law of the offense charged in the complaint.

"VI. The verdict is against the manifest weight of the evidence."

## I

In his first assignment of error, appellant contends that the trial court erred in failing to grant his motion for judgment of acquittal at the conclusion of the prosecuting attorney's opening statement. Appellant argues that the prosecutor's opening statement fails to allege the necessary elements of the offense and merely recites facts which give rise to the statutory presumption of guilt.

Initially, we must answer the question of whether a motion for judgment of acquittal is properly raised at the close of the prosecuting attorney's opening statement. R.C. 2945.10 provides, in pertinent part, the following:

"The trial of an issue upon an indictment or information shall proceed before the trial court or jury as follows:

"(A) Counsel for the state must first state the case for the prosecution, and may briefly state the evidence by which he expects to sustain it.

"(B) The defendant or his counsel must then state his defense, and may briefly state the evidence which he expects to offer in support of it.

"* * *

"The court may deviate from the order of proceeding listed in this section."

In construing the above-quoted section, the Cuyahoga County Court of Appeals held in State v. Shaker (1980), 68 Ohio App. 2d 135 [22 O.O.3d 165], that "[a]n opening statement by the state in a criminal case as provided in R.C. 2945.10(A) is discretionary and not mandatory, and may be waived" and that "[it] is error for the trial court to discharge a defendant in a criminal case because the state did not make an opening statement." The instant case is distinguishable from Shaker in that the prosecutor did not waive opening statement. The prosecutor gave an opening statement and, thus, the question is whether the defendant may question the sufficiency of the statement, once made, by way of a motion for judgment of acquittal.

Crim. R. 29(A) provides the following with reference to motions for judgment of acquittal:

"The court on motion of a defendant or on its own motion, *after the evidence on either side is closed,* shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses." (Emphasis added.)

The language of Crim. R. 29 does not specifically prescribe a motion for judgment of acquittal immediately following the state's opening statement. On the other hand, the rule does not specifically prohibit such a motion. In this situation, Crim. R. 57(B) provides the following:

"If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists."

The Rules of Civil Procedure do provide for a motion for a directed verdict at the close of the opponent's opening statement in Civ. R. 50(A)(1), as follows: "A motion for a directed verdict may be made *on the opening statement of the opponent,* at the close of the opponent's evidence or at the close of all the evidence." (Emphasis added.) In our view, the motion for a directed verdict is the civil equivalent of the motion for judgment of acquittal in a criminal case. Further, prior to the adoption of the Rules of Criminal Procedure, the Ohio Supreme Court implicitly recognized the propriety of a motion for judgment of acquittal after the state's opening statement in *State* v. *Lowenstein* (1924), 109 Ohio St. 393. Thus, we hold that a motion for judgment of acquittal is properly raised at the close of the state's opening statement in a criminal case.

In *State* v. *Karcher* (1951), 155 Ohio St. 253 [44 O.O. 258], the Ohio Supreme Court pronounced the criteria to be addressed by the trial court in ruling upon

the motion authorized in *Lowenstein.* The first paragraph of the syllabus reads as follows:

"Where, in a criminal proceeding, the state's statement of its case indicates that the accused was charged with the offense for which he is being tried and there is no admission of fact showing that no offense was committed or that the accused was not guilty of the offense charged, a motion by the accused for judgment on such statement should be overruled."

The court further stated at page 256 that:

"If the prosecutor should make an admission of fact which shows that no crime had been committed, or that the accused was not guilty of the crime charged, doubtless the court would be justified in sustaining a motion to discharge the accused. * * * [Citation omitted.] Although there appears to be no decision of this court directly upon this question, that such action of the court would be justified in a proper case may be inferred from the decision of this court in *State* v. *Lowenstein,* 109 Ohio St., 393, 142 N.E., 897, 35 A.L.R., 361, wherein it was held that an opening statement by the prosecutor containing facts which would at least constitute prima facie evidence of guilt does not justify the court in taking the case from the jury upon a motion of the accused."

In the instant case, we believe that the state's opening statement does indicate that "the accused was charged with the offense for which he is being tried." Appellant was charged with a violation of R.C. 4933.42(B), theft of cable television service. The complaint states that appellant "did knowingly obtain cable television service from another without the authorization of or compensation paid to the owner of said services." In his opening statement, the prosecutor stated:

"We will prove to you * * * [that] that man sitting right there was in possession of a teleconverter which enabled him to

obtain cable services that he was not authorized to receive nor did he pay for."

Thus, the opening statement clearly indicates that appellant was charged with the identical offense for which he was on trial. Further, the opening statement contains no admission of fact showing that the accused had not committed or was not guilty of the offense charged in the complaint. For these reasons, the trial court properly overruled appellant's motion for judgment of acquittal at the close of the state's opening statement. Accordingly, appellant's first assignment of error is without merit.

## II

In his second and third assignments of error, appellant contends that the presumption provided in R.C. 4933.42 is facially unconstitutional and unconstitutional as applied to the appellant in this case on the basis that it violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. R.C. 4933.42(B), theft of cable television service, with its concomitant evidentiary presumption, reads as follows:

"No person shall knowingly obtain cable television service from another without the authorization of or compensation paid to the operator of said service. The existence, on property in the actual possession of the accused, of any connection, wire, conductor, or any device whatsoever, which effects the use of cable television service without the same being reported for payment as to service, or specifically authorized by the operator of the cable television service shall be prima-facie evidence of intent to violate and of the violation of this section by the accused."

Thus, the statute, on its face, requires the trier of fact to presume the elemental fact of intent to steal cable television service from the basic fact of actual possession of a device capable of receiving cable television service. In fact, the statute requires the trier of fact to presume all the elements of the offense from the mere possession of the device.

An analysis of the constitutionality of a particular evidentiary presumption must begin with a determination of the type of presumption involved in the case. This is so because the court, in analyzing the validity of a permissive statutory presumption is limited to an evaluation of the presumption as applied to the party challenging its validity within the context of the particular facts of the case. The court may not pass upon the facial validity of a permissive statutory presumption. The determination of facial validity is limited to mandatory presumptions. *County Court of Ulster County* v. *Allen* (1979), 442 U.S. 140.

A permissive presumption is one "which allows — but does not require — the trier of fact to infer the elemental fact from proof by the prosecutor of the basic one and that places no burden of any kind on the defendant." Conversely, a mandatory presumption is one which "tells the trier [of fact] that he or they *must* find the elemental fact upon proof of the basic fact * * *." *Ulster, supra,* at 157. (Emphasis *sic.*)

In determining whether a particular statutory presumption is mandatory or permissive, the Supreme Court in *Ulster* stated that the jury instructions are generally controlling, although consideration of the express statutory language of the presumption and the case law may be necessary to interpret the instructions. However, in this case, the statute states that the actual possession of the required device *shall* constitute "prima-facie evidence of intent to violate and of the violation of this section." Thus, the presumption on its face is clearly a mandatory presumption and this court need not examine the trial court's jury instructions to make this determination.[1] We

---

[1] The trial court instructed the jury on the statutory presumption as follows:

"If you find beyond a reasonable doubt

now turn to an examination of its facial validity.

In analyzing the validity of a statutory presumption, the United States Supreme Court has adopted the more-likely-than-not test delineated in *Leary* v. *United States* (1969), 395 U.S. 6. The test is stated as follows: "A criminal statutory presumption must be regarded as 'irrational' or 'arbitrary,' and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend." *Id.* at 36.

In this case, the presumption not only requires the trier of fact to find the elementary fact of "knowingly" (*i.e.*, "intent to violate"), but also requires the trier of fact to find all the elements of the offense from proof of the basic fact of possession of "any device * * * which effects the use of cable television." Thus, once the state shows the defendant's possession of the device, the burden shifts to the defendant to rebut each element thus proved.

The elements of the offense are: (1) knowingly, (2) obtain cable television service, (3) from another, (4) without the authorization of or compensation paid to the operator of said service. R.C. 4933.42. Applying the *Leary* test, we cannot say with substantial assurance that the presumed facts, *i.e.*, each element of the offense, is more likely than not to flow from the proved fact, *i.e.*, possession of the required device. Thus, we hold that the mandatory presumption contained in R.C. 4933.42 is unconstitutional on its face in that it violates the Due Process Clause of the United States Constitution. Accordingly, appellant's second assignment of error is well-taken.

### III

In his third assignment of error, appellant contends that the presumption contained in R.C. 4933.42 is unconstitutional as a violation of the Due Process Clause of the Fourteenth Amendment as applied to him under the facts of this case. In light of our finding that the particular presumption in question is mandatory and not permissive, it is not necessary to reach the question of the validity of the presumption as applied to appellant in this case. For this reason, appellant's third assignment of error is overruled.

### IV

In his fourth assignment of error, appellant contends that the trial court erred in failing to grant appellant's Crim. R. 29 motion for judgment of acquittal at the close of the state's evidence since the state failed to prove the *corpus delicti* of theft of cable television service.

The state is required to prove all the elements of the crime beyond a reasonable doubt, including those elements relating to the *corpus delicti*. *State* v. *Nutter* (1970), 22 Ohio St. 2d 116 [51 O.O.2d 178]. The *corpus delicti* of a crime is "the body or the substance of the crime, included in which are usually two elements: the act, and the criminal agency of the act." *State* v. *Black* (1978), 54 Ohio St. 2d 304, 307 [8 O.O.3d 296].

---

that the Defendant knew that the teleconverter in question was on property in his possession the law then declares that you may regard that fact as sufficient evidence of the intent of the Defendant to knowingly obtain Cable Television service from the Court Cable[Vision] Company without the authorization of or payment to that company for that particular cable service. However, you are not required to reach this conclusion. This permissable [*sic*] presumption is in the nature of evidence and if accepted by you along with the other facts and circumstances of the case is sufficient to prove the Defendant [*sic*] intent. The existence of this permissive presumption does not relieve the State of its burden to establish [each] element of the offense charged beyond a reasonable doubt."

The above instruction is erroneous. The statutory presumption on its face is mandatory and the trial court's ill-fated attempt to alter it cannot work to make it permissive.

The crime is theft of cable television service. The statute specifically defines the crime as follows: "No person shall knowingly obtain cable television service from another without the authorization of or compensation paid to the operator of said service." The gravamen of the offense is the unauthorized acquisition of cable television service.

In the absence of the improper presumption, the evidence presented at trial tended to prove mere possession of the device, not actual acquisition by the appellant of the cable television service. The evidence of possession consisted of Walker's observations of the converter unit on the appellant's television set and appellant's admissions of possession and that the unit was connected to his television set by Brown. Again, there was no evidence presented from which a jury could reasonably infer that appellant actually acquired the cable television service. In other words, there is evidence that appellant possessed the device capable of perpetrating the theft of cable television service, but there is no evidence that a theft actually occurred. Thus, there is no evidence of the criminal act and necessarily the *corpus delicti*.

Appellant's fourth assignment of error is well-taken.

## V

In his fifth assignment of error, appellant contends that the trial court committed plain error in failing to instruct the jury on the elements of value and "effects."

In regards to jury instructions, Crim. R. 30 provides that:

"A party may not assign as error the giving or failure to give any instructions unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. * * *"

Contrary to appellant's statement of the law in his brief, the failure of the trial court to specifically charge the jury on each element of the crime does not *per se* constitute plain error nor does it require reversal of his conviction. The record must be reviewed in each case to determine whether the failure to give the jury instruction, on the particular element of the crime, caused substantial prejudice to appellant, thereby resulting in a manifest miscarriage of justice. *State* v. *Adams* (1980), 62 Ohio St. 2d 151 [16 O.O.3d 169].

We do not reach the determination of substantial prejudice since we believe that the so-called elements of value and "effects" are not elements of the offense of theft of cable television service. As stated above, the elements of the offense are as follows: (1) knowingly, (2) obtain cable television service, (3) from another, (4) without the authorization of or compensation paid to the operator of said service.

In this case, appellant complains of the failure of the trial court to instruct on the so-called elements of value and "effects." However, the statute prohibits the acquisition of cable service, it does not require that the service have any intrinsic value. Further, the term "effects" comes from the impermissible presumption created by the statute which provides that:

"The existence, on property in the actual possession of the accused, of * * * any device whatsoever, which *effects* the use of cable television service without the service being reported for payment as to service, or specifically authorized by the operator of the cable television service shall be prima-facie evidence of intent to violate and of the violation of this section by the accused." R.C. 4933.42(B). (Emphasis added.)

Thus, value and "effects" are not elements of the offense as contended by appellant. For the foregoing reasons, appellant's fifth assignment of error is not well-taken.

## VI

In his sixth assignment of error, appellant contends the judgment of conviction is against the manifest weight of the evidence. We find appellant's sixth

assignment of error well-taken on the basis of our reasoning relative to the second, third, and fourth assignments of error. Particularly, the state, in the absence of the impermissible presumption, has failed to present any evidence of theft. The only evidence presented was evidence of possession of the device capable of perpetrating the theft.

Accordingly, the judgment of the trial court is reversed.

*Judgment reversed.*

HENDRICKSON, P.J., and KOEHLER, J., concur.