CITY OF CLEVELAND, APPELLEE, *v.* HUFF, APPELLANT.

(No. 47035—Decided March 16, 1984.)

*Mr. Jose C. Feliciano,* chief police prosecutor, and *Mr. W. Ronald Toth,* for appellee.

*Mr. Bernard A. Berkman* and *Mr. George W. Palda,* for appellant.

ANN MCMANAMON, J. Appellant, Sandra Huff, was arrested in the city of Cleveland and charged with pandering obscenity (R.C. 2907.32), a first degree misdemeanor, and soliciting (Cleveland Codified Ordinance 619.09), a second

degree misdemeanor. She waived a jury trial and was found guilty of both charges after a trial to the court. Timely appeal is filed from her conviction and sentence of one hundred dollars and costs on the pandering charge, and ten days in the workhouse and a fine of two hundred dollars and costs, with fine and costs suspended on the soliciting offense.

Appellant raises three assignments of error.

## I

"Cleveland Codified Ordinance Section 619.09 is unconstitutional because it violates the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution."

## II

"The verdicts were not sustained by sufficient evidence."

## III

"The trial court abused its discretion by refusing to admit into evidence business records that had been maintained during the ordinary course of business and which corroborated the appellant's testimony that she resided at the Lake Erie Motel on October 1, 1982."

## I

In her first assignment of error appellant postulates that Cleveland Codified Ordinance 619.09 is unconstitutional because it violates appellant's right to equal protection under the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution. Specifically, she contends that, under the statutory scheme established by the Cleveland City Coun-

cil, soliciting (Ordinance 619.09) is categorized as a second degree misdemeanor, while the offense of prostitution (Cleveland Codified Ordinance 619.11) is categorized as a third degree misdemeanor.[1] As a consequence, counsel for appellant argues, a greater penalty is imposed for merely encouraging prostitution than for actually committing it.

There is a strong presumption of the constitutionality of any legislative act. A constitutional challenge to a statutory enactment must demonstrate beyond a reasonable doubt that the statute is unconstitutional. *Pack* v. *Cleveland* (1982), 1 Ohio St. 3d 129, 134.

We find no fundamental constitutional right or suspect classification involved in Ordinance 619.09, which provides:

"(a) No person shall solicit another to engage with such other person in sexual activity for hire. This section forbids the solicitation of paid sexual activity, whether the solicitor is the one buying or selling his or her favors. (ORC 2907.24)

"(b) Whoever violates the provisions of this section is guilty of soliciting, a misdemeanor of the second degree. Notwithstanding any other section of this Code:

"(1) At least ten days imprisonment and a fine of two hundred dollars ($200.00) are mandatory upon conviction of a first offense under this section.

"(2) At least thirty days imprisonment and a fine of four hundred dollars ($400.00) are mandatory upon conviction of a second offense under this section."

The United States Supreme Court has recognized that purely commercial speech is unprotected by the First Amendment. See *Valentine* v. *Chresten-*

---

[1] A second degree misdemeanor is punishable by a maximum sentence of ninety days and a maximum fine of seven hundred fifty dollars.

A third degree misdemeanor is punishable by a maximum sentence of sixty days and maximum fine of five hundred dollars.

*sen* (1942), 316 U.S. 52, and *Pittsburgh Press Co.* v. *Pittsburgh Comm. on Human Relations* (1973), 413 U.S. 376. Undeniably, the speech involved here is one of the oldest forms of commercial speech.

This ordinance involves no suspect classification since it makes no distinction among offenders by reason of gender, race, religion or economic status.

Since no fundamental right or suspect classification is involved, the test is whether or not the classification created by this ordinance bears a rational relation to a legitimate state interest served by this legislation. See *Ohio Bureau of Emp. Serv.* v. *Hodory* (1977), 431 U.S. 471, 489.

Prohibiting prostitution is an historically accepted legitimate state interest. Ordinance 619.09 presumably serves that interest by promoting public safety and by prohibiting what is necessarily the first step in committing the act of prostitution.[2] To achieve such legitimate interests a municipal ordinance is permitted to exact a greater penalty than a corresponding state statute. See *Youngstown* v. *Evans* (1929), 121 Ohio St. 342. As a corollary, a municipal ordinance may also impose greater penalties for misdemeanors proscribing different criminal acts.

Thus, as appellant's argument relates to the ordinance prohibiting prostitution, it is without merit.

Appellant raises a similar constitutional question in regard to Cleveland Codified Ordinance 619.11, which prohibits disorderly solicitation. Counsel argues that this ordinance prohibits the identical conduct proscribed by Ordinance 619.09, and requires proof of identical elements but imposes a lesser mandatory jail sentence in violation of the Equal Protection Clause of the United States Constitution's Fourteenth Amendment.

Should counsel's contention be correct, sentencing under the ordinance imposing the higher penalty does violate Sandra Huff's right to equal protection. See *State* v. *Wilson* (1979), 58 Ohio St. 2d 52, 55-56.

Cleveland Codified Ordinance 619.11 provides:

"(a) *No person shall* accost, *solicit* or invite *another* in any public place or *in* or from any *building* or vehicle by word, gesture or any other means commit or afford an opportunity to commit fornication or prostitution or do any other lewd, immoral act. No known prostitute or panderer shall repeatedly stop or attempt to stop any pedestrian or motor vehicle operator by hailing, whistling, waving of arms or any bodily gesture in or upon any public sidewalk, street, alley, park or public place. No person shall engage in fornication or prostitution as a customer. 'Customer' means one who engages the services of another.

"(b) Whoever violates the provision of this section shall be deemed a disorderly person and shall be punished as herein provided. For purposes of this section 'a known prostitute or panderer' means any female or male who, within two years from the date of arrest for violation of this section has been convicted of prostitution, accosting and soliciting, receiving and admitting, aiding and abetting, maintaining and operating or pandering as those crimes are defined by the laws of the State or the City.

"(c) A police officer shall arrest without process any person violating any provision of this section.

---

[2] By analogy, we note that the legislature, in its wisdom, has imposed a greater penalty for attempting or offering to sell a controlled substance (R.C. 2925.03) than for possession of the same controlled substance. (R.C. 2925.11.)

"(d) Whoever violates this section is guilty of disorderly solicitation, a misdemeanor of the third degree. *At least three day's* imprisonment is mandatory under this section, notwithstanding any other section of this Code." (Emphasis added.)

This ordinance proscribes the solicitation of another person to commit prostitution.[3] It also proscribes participation in prostitution as a "customer." It is classified as a third degree misdemeanor with a three-day mandatory jail sentence.

Ordinance 619.09 likewise proscribes the solicitation of another person to engage in sexual activity for hire. It is applicable to either the seller or buyer of sexual favors. However it is a second degree misdemeanor carrying a mandatory ten-day jail sentence.

Although Ordinance 619.11 prohibits a wide range of activities which arguably are all methods of solicitation which might be employed, we are convinced the two ordinances prohibit identical activity and require identical proof, while imposing different penalties.

We consequently find beyond a reasonable doubt that sentencing appellant under Ordinance 619.09 violates the Equal Protection Clause and the sentencing provision of the ordinance is unconstitutional. To this degree appellant's first assignment of error is well-taken.

## II

Appellant argues, in her second assignment of error, that the guilty verdicts were not sustained by "sufficient" evidence. It is her contention that the testimony presented at trial failed to demonstrate, beyond a reasonable doubt, that appellant was the person who committed the subject offenses.

Chief witness for the prosecution was Officer Roger Dennerl, head of the Special Operations Strike Force and an officer with eighteen and one-half years of police experience. He told the court that at the time in question he was a participant in a month-long police investigation in the "Euclid-Prospect corridor" for liquor law violations. As a part of that effort, on October 1, 1982, Dennerl paid a fifteen dollar admission fee and entered the New Era Burlesk ("New Era"), an establishment located at 1614 Prospect Avenue, where he seated himself about ten to twelve feet from a stage. The witness testified that for fifteen to twenty minutes he observed a woman, whom he identified as appellant, while she danced, removed her clothing, performed various sex acts upon herself and then permitted three men in the audience to have sexual contact with her and to engage in oral sex upon her. These activities were all performed on a platform under two spotlights which fully illuminated the performer.

After appellant allegedly completed her performance, Officer Dennerl testified that he observed her enter Stage Door Johnnie's, a bar two doors away from "New Era." Later in the afternoon, after the witness stated he watched appellant leave the bar, return to the theater and then return again to the bar, Dennerl told the court that he entered Stage Door Johnnie's where appellant solicited him to engage in prostitution with her for one hundred seventy-five dollars, a sum which included use of appellant's room at the Holiday Inn Lakeside and a bottle of champagne.

Dennerl testified that, because the investigation was ongoing,[4] no arrest of Sandra Huff was effected on October 1, but that on October 14, in company with

---

[3] Prostitution is engagement in sexual activity for hire. (R.C. 2907.25.)

[4] Eight establishments were allegedly under police investigation.

other officers, he returned to Stage Door Johnnie's, recognized appellant, and took her into custody.

Sandra Huff took the stand in her own defense and denied that she was employed as a dancer at "New Era" on the afternoon of October 1, 1982. She stated that she was a dancer and waitress at Stage Door Johnnie's on that date. Although appellant acknowledged to sometime employment as a dancer at "New Era," she disclaimed ever doing any "hard" performances there, stating, she simply danced in an Indian costume and in a gown with flames on it. For these reasons she suggested that Officer Dennerl had mistaken her identity and confused her with some other performer. Appellant also testified that she was staying at the Lake Erie Motel on October 1, 1982; a fact offered to counter Dennerl's allegation that she had proposed that for one hundred seventy-five dollars she would engage in sex with him at her room in the Holiday Inn Lakeside. A cashier employed by "New Era" to call dancers on the line corroborated appellant's testimony that she did not dance at "New Era" on the afternoon of October 1, 1982.

A review of this testimony indicates that two factual versions of appellant's

activity on the day in question were presented to the trier of fact. We find that evidence was presented by the prosecution going to each and every element of the subject offenses.[5]

The credibility of witnesses and the weight to be afforded their testimony is within the sole province of the trier of fact, and a judgment of conviction will not be reversed where competent evidence is presented going to each and every essential element of the crime. See *State* v. *DeHass* (1967), 10 Ohio St. 2d 230 [39 O.O.2d 366].

We will not substitute our judgment for that of the trial court which had an opportunity to hear and view the witnesses before delivering its verdict. This assignment of error is without merit.

### III

Appellant's final assignment of error concerns the trial court's refusal to admit cash receipt records for the Lake Erie Motel into evidence. Counsel for appellant contends that these exhibits are admissible under Evid. R. 803(6) as business records. Counsel offered these documents to demonstrate that Sandra Huff was staying at the Lake Erie Motel rather than the Holiday Inn on October 1, 1982.

---

[5] Soliciting (Ordinance 619.09) has been defined in appellant's first assignment of error. Pandering obscenity is defined by R.C. 2907.32 in pertinent part as:

"(A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:

"* * *

"(3) Create, direct, or produce an obscene performance, when the offender knows that it is to be used for commercial exploitation or will be publicly presented, or when he is reckless in that regard;

"(4) Advertise an obscene performance for presentation, or present or participate in presenting an obscene performance, when such performance is presented publicly, or when admission is charged;

"* * *

"(B) It is an affirmative defense to a charge under this section, that the material or performance involved was disseminated or presented for a bona fide medical, scientific, educational, religious, governmental, judicial, or other proper purpose, by or to a physician, psychologist, sociologist, scientist, teacher, person pursuing bona fide studies or research, librarian, clergyman, prosecutor, judge, or other person having a proper interest in such material or performance.

"(C) Whoever violates this section is guilty of pandering obscenity, a misdemeanor of the first degree. If the offender has previously been convicted of a violation of this section or of section 2907.31 of the Revised Code, then pandering obscenity is a felony of the fourth degree."

This assignment of error is not well-taken.

Appellant's place of residence on the day in question was irrelevant to any of the factual issues that had to be resolved by the trier of fact.

In addition, the record before this court does not contain these alleged business records. Under App. R. 9 and 10 counsel has an affirmative duty to insure that proffered exhibits are filed for appellate review. We note that Evid. R. 803(6) delineates the business record exception to the hearsay rule. It provides:

"*Records of regularly conducted activity.* A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by rule 901(B)(10), *unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.* The term 'business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit." (Emphasis added.)

There was substantial testimony at trial concerning the proffered records which tends to show that on their face, the method or circumstances of preparation denoted a lack of trustworthiness to the trial judge. It is recognized that:

"The decision to admit a business record into evidence pursuant to Rule 803(6) of the Ohio Rules of Evidence rests within the sound discretion of the trial court and such determination will not be disturbed on appeal absent a clear showing of abuse of discretion." *National City Bank* v. *Fleming* (1981), 2 Ohio App. 3d 50, at paragraph seven of the syllabus.

In the absence of these exhibits as part of the record on appeal we are unable to determine whether the records had any real evidentiary value and/or whether any abuse of discretion was committed by the trial court in excluding them.

Accordingly, the judgment of conviction of pandering obscenity in case No. 82 CRB-23518(B) is affirmed.

The judgment of conviction of soliciting in case No. 82 CRB-23518(A) is affirmed and the case is remanded to the trial court for sentencing under Ordinance 619.11.

*Judgment affirmed in case No. 82 CRB-23518(B).*

*Judgment affirmed and remanded in case No. 82 CRB-23518(A).*

JACKSON, P.J., and PRYATEL, J., concur.

PRYATEL, J. I concur in the opinion, but would add one point. Cleveland Codified Ordinance 619.11 (disorderly solicitation) is a broader prohibition than Cleveland Codified Ordinance 619.09 (soliciting). Ordinance 619.11 prohibits soliciting whether or not it is for hire[6] while under Ordinance 619.09 the soliciting must necessarily be for hire. Hence, one cannot violate Ordinance

---

[6] Ordinance 619.11 pertinently reads:

"(a) No person shall * * * commit or afford an opportunity to commit fornication *or* prostitution *or* do any other lewd, immoral act * * *." (Emphasis added.)

Prostitution as defined by R.C. 2907.25(A) is: "No person shall engage in sexual activity for hire."

619.09 without also violating Ordinance 619.11. A defendant charged under Ordinance 619.09, then, must always be sentenced under the lesser penalty of Ordinance 619.11. *State* v. *Wilson* (1979), 58 Ohio St. 2d 52, 55-56 [12 O.O.3d 51]. Accordingly, I concur in the opinion of the court and would remand for sentencing.