THE STATE OF OHIO, APPELLEE,
*v.* SWANSON, APPELLANT.

(No. 56111—Decided November 20, 1989.)

*John T. Corrigan,* prosecuting attorney, and *Anthony Mastroianni,* for appellee.

*Sandford Berger* and *Robert M. Fertel,* for appellant.

DAVID T. MATIA, J. Appellant, Gus Swanson, appeals from his conviction in the Cuyahoga County Court of Com-

mon Pleas for possessing a dangerous drug for sale, in violation of R.C. 4729.51(C).

## I. The Facts

The prosecution presented the testimony of three law enforcement officers who were present on September 20, 1986, when appellant was arrested. Cleveland Narcotics Unit Detectives William Cunningham and Andrew Charchenko testified that at about 3:00 p.m. they were patrolling with two undercover agents from the Bureau of Criminal Investigation ("BCI") in the neighborhood of East 55 Street and Outhwaite, an area known to have a high incidence of illegal drug activity, when they saw a group of men engaged in what the detectives believed was probably a drug transaction.

Detective Cunningham pulled the unmarked police car over to the curb, got out of the car, and approached the group, which began to disperse. Detective Charchenko approached the appellant, who was walking in the opposite direction, and identified himself as a police officer. Detective Charchenko testified that at that time appellant opened up his pants and dropped them down to his knees saying repeatedly, "I don't have anything." Appellant was not wearing any underwear. According to Detective Charchenko, at the same time appellant opened his pants, he took a paper towel out of his pocket and stuck it into his left pant leg. Appellant then began to jump up and down, causing pills to fall out of the left pant leg to the ground, where appellant was crushing them with his feet. Detective Charchenko pulled appellant's pants up while bending down to recover the pills. Appellant was then placed under arrest for suspected narcotics activity. Much of Detective Charchenko's testimony was corroborated by Detective Cunningham and BCI Agent Pitman.

Appellant's arrest was also based on an outstanding warrant. (As it turned out, however, the warrant was issued for another man with the same name as appellant.)

Upon search of appellant, the detectives recovered a hypodermic syringe from appellant's vest pocket. After laboratory analysis, one of the pills recovered by Detective Charchenko was identified as Pyribenzamine, or PBZ, a dangerous drug requiring a prescription which, when mixed with another drug called Talwin and injected into the blood stream, gives the abuser an effect similar to that of heroin.

Appellant was indicted for violation of R.C. 4729.51(C) and, on April 26, 1988, a jury found appellant guilty. Appellant timely filed a notice of appeal to this court, assigning four errors for our review.

## II. Applicability of R.C. Chapter 4729

In his first assignment of error, appellant argues:

"Ohio Revised Code Chapter 4729 was intended to solely and exclusively regulate only those business entities and persons who inventory drugs, deal in drugs on a day-to-day basis, and are legitimately licensed and engaged in the business of drug sales, and a lay person cannot be legally charged or convicted of violating said chapter."

Essentially, appellant argues that an individual not engaged in the legitimate business of drugs may not be charged under R.C. Chapter 4729. We disagree.

R.C. 4729.51(C) provides:

"(C) *No person, except a licensed terminal distributor of dangerous drugs or a practitioner, shall* purchase for the purpose of resale, *possess for sale,* or sell, at retail, *dangerous drugs.*

"*The possession by any person,* other than a practitioner, registered wholesale distributor of dangerous drugs, or licensed terminal distributor of dangerous drugs, *of any dangerous*

*drugs other than insulin or drugs obtained lawfully for medical purposes from or upon the prescription of a practitioner, shall constitute presumptive evidence that such person is in violation of this division,* except that a person may lawfully possess or use dangerous drugs as provided in this section or otherwise as specifically provided by law." (Emphasis added.)

Thus, the section applies to all "persons." The term "person" as applied in R.C. 4729.51(C), is defined at R.C. 4729.01(S) as follows:

"(S) *'Person' includes any individual,* partnership, association, or corporation, the state, or any political or civil subdivision, district, department, or agency of the state or its political subdivisions." (Emphasis added.)

Since appellant could hardly argue that he is not an "individual," we find that the legislature, by clearly and specifically defining the term "person" to include "any individual," adequately expressed the intent that the statute was to be applied broadly to encompass persons such as appellant. Cases under similar circumstances in which the same statute was used against a private individual include *State* v. *Johnson* (1986), 34 Ohio App. 3d 94, 517 N.E. 2d 262, and *State* v. *Woods* (Jan. 17, 1986), Cuyahoga App. No. 49892, unreported.

Accordingly, appellant's first assignment of error is not well-taken.

## III. Due Process—In re Presumption

Appellant argues in his second assignment of error:

"Ohio Revised Code Sec. 4729.51 (C), which permits the conviction of a person without requiring the state to prove each and every element of the crime beyond a reasonable doubt, is violative of the Due Process Clause of the Fourteenth Amendment to the United States Constitution."

It is appellant's position that the presumption contained in R.C. 4729.51 (C), which in this case allowed the jury to presume an intent to sell from the fact of possession of the dangerous drug, unconstitutionally reduces the state's burden of proof.

Interpreting the presumption found in R.C. 4729.51(C), this court stated in *Woods, supra,* at 6:

"'* * * Since proof of possession constitutes presumptive evidence that possession was illegal, 'possession' may be presumed to be 'possession for sale' in violation of the statute, absent evidence rebutting that presumption.* * *'"

Initially, we note that the presumption contained in R.C. 4729.51(C) is a mandatory presumption, *requiring* the trier of facts to find the elemental fact upon proof of the basic fact. *County Court of Ulster County* v. *Allen* (1979), 442 U.S. 140; *State* v. *Scott* (1983), 8 Ohio App. 3d 1, 4-5, 8 OBR 1, 4-6, 455 N.E. 2d 1363, 1367-1369.

Although the trial court's instruction attempted to alter the mandatory nature of the presumption by use of the word "may" instead of the statutory "shall," such attempt does not make the facially mandatory presumption permissive. See *Scott, supra,* at 4-5, 8 OBR at 5, 455 N.E. 2d at 1368. The significance of this fact is that only mandatory statutory presumptions may be attacked facially. *Id.* In our judgment, the presumption in R.C. 4729.51(C) is constitutionally invalid on its face.

The United States Supreme Court set forth, in *Leary* v. *United States* (1969), 395 U.S. 6, at 36, the test to be applied in cases of this sort:

"[A] criminal statutory presumption must be regarded as 'irrational' or 'arbitrary' and hence unconstitutional, *unless it can at least be said with substantial assurance that the presumed fact is more likely than not to*

*flow from the proved fact on which it is made to depend.* * * *" (Emphasis added.)

The perceived danger is an invasion of an accused's right to be presumed innocent, and a subversion of the prosecution's duty to prove every element of an offense beyond a reasonable doubt. See *In re Winship* (1970), 397 U.S. 358; *Carella* v. *California* (1989), 491 U.S. ___, 105 L. Ed. 2d 218, 109 S. Ct. 2419. The Ohio Supreme Court, citing *Leary,* stated the rule in the following fashion:

"* * * [S]uch a presumption is unreasonable unless a *rational connection* exists between the proven fact * * * and the presumed facts * * *. Otherwise, the defendant is denied due process of law. * * *" (Emphasis added.) *State* v. *Dempsey* (1970), 22 Ohio St. 2d 219, 222, 51 O.O. 2d 306, 308, 259 N.E. 2d 745, 748.

In the instant case, as stated in *Woods, supra,* the presumption allowed or required the jury to find all elements of the crime to have been established simply by demonstration of possession. Thus, once possession was proved, the burden of proof essentially shifted to the criminal defendant.

The elements of the offense may be enumerated as follows:

(1)  Person or practitioner
(2)  Except a licensed terminal distributor of dangerous drugs
(3)  Purchase for the purpose of resale, possess for sale, or sell
(4)  At retail
(5)  Dangerous drugs

Violation constitutes a felony of the fourth degree. R.C. 4729.99(E).

Applying the test handed down in *Leary,* we find the statute to be invalid. That is, we are unable to say with substantial assurance that the presumed fact, *i.e.,* intent to resell, is more likely than not to follow from the proved fact, *i.e.,* possession of a single pill. *Leary, supra.* Stated differently,

no rational connection exists between the proven fact and the presumed facts. *Dempsey, supra.*

Accordingly, we hold that the mandatory presumption contained in R.C. 4729.51(C) is constitutionally invalid on its face, as it violates the Due Process Clause of the United States Constitution. Such presumption is severable from the remainder of the statute. The remaining provisions of the statute are constitutional and shall therefore continue to be given effect in this jurisdictional district. R.C. 1.50; *South Euclid* v. *Jemison* (1986), 28 Ohio St. 3d 157, 164, 28 OBR 250, 256-257, 503 N.E. 2d 136, 142. Appellant's second assignment of error is well-taken.

## IV. Equal Protection

As a third assignment of error, appellant contends:

"A state acts arbitrarily, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, when it prosecutes an individual under a felony statute that requires no proof of a drug sale as contrasted with a misdemeanor statute that requires proof of a drug sale."

Appellant brings attention to the alleged incongruity between the penalties attaching to violations of R.C. 4729.28 and R.C. 4729.51(C). Appellant correctly notes that a violation of R.C. 4729.28, unlawful selling of drugs, constitutes a third degree misdemeanor (R.C. 4729.99[A]), while violation of R.C. 4729.51(C), the statute presently under scrutiny, constitutes a fourth degree felony (R.C. 4729.99[E]), even though the former necessitates proof of a sale beyond a reasonable doubt while the latter does not. It is asserted that this apparent disproportionality results in a violation of the Equal Protection Clause of the Fourteenth Amendment to the United

States Constitution. We find that it does not.

Another argument similar to that of appellant was found to be without merit by this court in *Cleveland* v. *Huff* (1984), 14 Ohio App. 3d 207, 208-210, 14 OBR 235, 235-237, 470 N.E. 2d 934, 936-938. In *Huff,* the appellant complained of a pair of Cleveland ordinances which resulted in a higher penalty for merely encouraging prostitution than for actually committing it. The appellant in *Huff* considered such apparent disproportionality to constitute a violation of the equal protection provisions of the national and state Constitutions. This court found that it did not, availing itself of the following legal maxim:

"There is a strong presumption of the constitutionality of any legislative act. A constitutional challenge to a statutory enactment must demonstrate beyond a reasonable doubt that the statute is unconstitutional. *Pack* v. *Cleveland* (1982), 1 Ohio St. 3d 129, 134."[1] *Id.* at 208, 14 OBR at 236, 470 N.E. 2d at 936.

The same analysis applies in the instant case, and we are unable to identify unconstitutionality beyond a reasonable doubt.

We note that our disposition of appellant's second assignment of error effectively resolves the problem addressed in the instant assignment of error. That is, since the presumption of R.C. 4729.51(C) is no longer effective, the prosecution will need to prove more than mere possession to obtain a conviction thereunder. From now on, to obtain a conviction under R.C. 4729.51(C), it will be necessary to prove either purchase for the purpose of resale, possession for sale, or an actual sale at retail. Thus, the incongruity between a felony statute requiring only proof of possession, and a misdemeanor statute which requires proof of a sale, no longer exists.

Appellant's third assignment of error is not well-taken.

## V. Denial of Continuance

In his fourth and final assignment of error, appellant contends:

"The Sixth Amendment to the United States Constitution is violated when a state trial court refuses a defendant a reasonable time to compel the attendance of an eyewitness to the alleged crime when the defendant is taken by surprise during trial that said witness is not available to present testimony on his behalf, although he had been subpoenaed."

Appellant argues that his Sixth Amendment right to present a defense was violated when the trial court refused to grant a continuance in order for appellant to obtain the testimony of one Norman Williams, who was with the appellant on the day of his arrest. We disagree.

The record reveals that appellant had nearly seventeen months from the date of indictment to prepare his defense and effectively subpoena his witnesses. Further, the trial court took recess early on the third day of trial so that the defense might obtain the presence of Williams.

To grant or deny a request for a continuance is a matter entrusted to the broad, sound discretion of the trial court, and an appellate court will not reverse the denial of a continuance absent abuse of discretion on the part of the trial court. *Ungar* v. *Sarafite* (1964), 376 U.S. 575, 589; *State* v. *Sowders* (1983), 4 Ohio St. 3d 143, 4 OBR 386, 447 N.E. 2d 118.

---

[1] However, in *Huff,* this court did find sentencing appellant under the solicitation ordinance (the one with the higher penalty) violated the Equal Protection Clause.

Upon careful review of the record we find, under the circumstances presented in this case, that the trial court lawfully exercised its discretion in refusing to grant the continuance.

Appellant's fourth assignment of error is not well-taken.

The judgment of the trial court is reversed.

*Judgment reversed and cause remanded.*

JOHN V. CORRIGAN, P.J., and NAHRA, J., concur.