OPINION
This matter presents a timely appeal from a decision rendered by the Youngstown Municipal Court, Mahoning County, Ohio finding defendant-appellant, Chandler S. Minor, guilty of unauthorized use of a motor vehicle in violation of R.C.2913.03(A).
At the outset, we note that appellee has failed to file a brief in this matter. Therefore, pursuant to App. R. 18 (C), this court is authorized to accept appellant's statement of the facts and issues as correct and reverse the trial court's judgment if appellant's brief reasonably appears to sustain such action.
On or about August 26, 1997, appellant grabbed his ex-girlfriend's fourteen year old son, at approximately 10:30 A.M. when the young man went outside to check the mail. (Tr. 10) Appellant dragged the young man by the leg into the house owned by his grandmother, Jeanatte Abanathey. (Tr. 5) Once inside the house, the young man was directed to put on his grandmother's dress and wig. (Tr. 7) Appellant then took the keys to a 1984 Ford Escort belonging to Ms. Abanathey and made the young man go outside, dressed in his grandmother's clothes and wig. Appellant forced the young man to get behind the steering wheel of the car and drive to McGuffey Plaza, located in the City of Youngstown, Mahoning County, with appellant in the passenger seat. (Tr. 7) Upon arriving at the McGuffey Plaza, appellant threatened to kill the young man if he attempted to move the car while appellant went inside a store at the plaza. (Tr. 7) When appellant was no longer visible, the young man drove the car back to his grandmother's house. (Tr. 7)
Appellant was arrested on August 27, 1997 and entered a not guilty plea at his arraignment which was held on September 2, 1997. On September 11, 1997, a bench trial was held on the charge of unauthorized use of a motor vehicle in violation of R.C.2913.03(A). On this same date, a preliminary hearing to determine probable cause on the charges of burglary, entering an occupied dwelling for the purpose of committing a criminal offense and kidnapping was also held. At the very beginning of trial, defense counsel orally requested that a continuance of about two to five days be granted in order that he may adequately prepare for his client. Defense counsel admitted to the trial court that he had not been in contact with appellant until the morning of trial and, desired an opportunity to properly interview the detectives in the case and other potential witnesses. (Tr. 3). Said motion for continuance was overruled because the trial court was engaged in other jury trials and stated that it did not have any other dates available. (Tr. 3)
The bench trial proceeded as scheduled on September 11, 1997, and appellant was found guilty of knowingly using or operating a motor vehicle without the consent of the owner, or a person authorized to give consent, in violation of R.C.2913.03(A) — Appellant was sentenced to one hundred eighty days in jail, ninety days of which were suspended, was placed on two years probation and was fined $100.00 plus costs. It is from this decision that the within appeal emanates.
Appellant sets forth two assignments of error on appeal. Appellant's first assignment of error on appeal alleges:
 "THE APPELLANT'S TRIAL COUNSEL WAS UNABLE TO RENDER ADEQUATE LEGAL REPRESENTATION, THROUGH NO FAULT OF COUNSEL, BECAUSE HE WAS UNABLE TO PREPARE FOR TRIAL DUE TO THE FACT THAT THE TRIAL COURT REFUSED TO CONTINUE A TRIAL TO ALLOW APPELLANT'S COUNSEL TO PROPERLY INTERVIEW WITNESSES AND COMPLETE DISCOVERY WHICH DEPRIVED APPELLANT SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS WELL AS HIS RIGHT TO DUE PROCESS UNDER FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."
Appellant argues that the trial court abused its discretion by overruling his motion for a brief and reasonable continuance of about two to five days. Appellant maintains that said ruling denied him effective assistance of defense counsel, because such counsel was unable to properly prepare for his trial. Denial of a continuance in a criminal case will not be reversed except upon a showing of an abuse of discretion. State v. Swanson
(1989), 52 Ohio App.3d 78. An abuse of discretion connotes more than an error of law or judgment; it implies the trial court's attitude was unreasonable, arbitrary or unconscionable. State v.Adams (1980), 62 Ohio St.2d 151.
In State v. Unger (1981) 67 Ohio St.2d 65, the Ohio Supreme Court established a balancing test which a trial court is required to consider in determining whether a continuance should be granted. The factors to be examined include: (l)the length of the delay requested; (2)whether other continuances have been requested and received; (3)the inconvenience to litigants; witnesses, opposing counsel and the court; (4) whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful or contrived; (5)whether the defendant contributed to the circumstances which gave rise to the request for a continuance; and, other relevant factors depending on the unique facts of each case.
Appellant argues that defense counsel's motion for a continuance was appropriate under the circumstances and should have been granted. Appellant also maintains that a brief adjournment would not have inconvenienced any witnesses or opposing counsel. We agree. The record indicates that defense counsel had not previously requested any continuance in the instant case. The sole reason given by the trial court for the denial of the continuance was that the court had a full docket. Although the trial court's reasoning for overruling said motion is important, docket control should not be exercised arbitrarily to deprive a defendant of his right to effective defense counsel.Linton v. Perini (6th Cir. 1981) 656 F.2d 207, 209-212.
Trial courts should balance the need for docket control and the public's interest in efficiency without any prejudice to the defendant. State v. Aldridge (1997), 120 Ohio App.3d 122.
Appellant alleges that he was prejudiced because his defense counsel was unable to investigate the availability of any affirmative defenses in his case. R.C. 2913.03(C)(1), (2) specifically allows for an affirmative defense if "at the time of the alleged offense, the actor, though mistaken, reasonably believed" that he "was authorized to use or operate" or that "the owner or person empowered to give consent would authorize the actor to use or operate" the vehicle. Appellant argues that had the trial court sustained said motion for a continuance, his defense counsel would have had the opportunity to properly interview the witnesses to determine if appellant was allowed to borrow Ms. Abanathey's vehicle, given the fact that appellant was her daughter's ex-boyfriend and roommate. Appellant strongly believes that had defense counsel been given even a twenty minute recess to allow him to finish his fact-finding, the outcome might have been different. Preventing defense counsel from interviewing potential witnesses conflicts with defense counsel's ethical duty under the Canons as described under the Code of Professional Responsibility. Failure to adequately investigate a client's case may be a basis to find that defense counsel's assistance was ineffective and constitutionally defective." State v. Parks
(1990), 69 Ohio App.3d 150, 156.
In State v. Damron (June 9, 1982), Clinton App. No 450, unreported, the court of appeals held that the trial court's denial of a continuance prejudiced the defendant because of the short amount of time defendant's counsel was given to prepare. Counsel was appointed July 20, 1981 with the trial being set for July 27, 1981. The appellate court held that this was not enough time for defense counsel to effectively prepare for trial and thus, the trial courts' denial of a continuance constituted an abuse of discretion. Also, in State v. Spack (May 17, 1994), Columbiana App. No 93-C-48, unreported, this court held that a denial of a continuance constituted an abuse of discretion when the prosecution added a witness to its list five days before trial.
In the case at bar, appellant was prejudiced by having an unprepared counsel. Like the defense counsel in Damron, appellant's counsel only had a "few days" to prepare for trial and had met his client the day of the trial.
Although docket control is a factor to consider in deciding to grant a continuance, appellant has demonstrated that other factors favoring a continuance outweighed the importance of judicial economy. We find that appellant's defense counsel was completely unprepared, at no fault of his own, to defend his client, thus justifying a brief continuance. Balancing the factors of judicial economy against the potential for prejudice to appellant, we find that the trial court abused its discretion by denying defense counsel's request for a continuance. Appellant was prejudiced by the trial court's failure to grant a continuance. Therefore, appellant's first assignment of error is found to be with merit.
In light of the foregoing discussion and conclusion which we have reached with regard to appellant's first assignment of error, we decline to review the arguments set forth under appellant's second assignment of error. The trial court's failure to grant appellant a continuance mandates that this case be reversed and that appellant be afforded a new trial.
The judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion and in accordance with the law.
Donofrio, J., concurs.
Vukovich, J., concurs.
APPROVED:
 ________________________________ EDWARD A. COX, PRESIDING JUDGE