DECISION
Appellant, Osvaldo Aponte, appeals from a judgment of the Franklin County Court of Common Pleas that overruled his motion to withdraw a guilty plea and sets forth the following assignments of error:
FIRST ASSIGNMENT OF ERROR
 The Trial Court erred in refusing to grant Appellant's motion to withdraw his guilty plea where the motion was made prior to sentencing.
 SECOND ASSIGNMENT OF ERROR
 Appellant was denied effective assistance of counsel as guaranteed under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution in Article I, Section 10
of the Ohio Constitution because counsel failed to insure that the Appellant's guilty plea was knowingly, voluntarily and intelligently waived.
On April 10, 1997, appellant entered into a written defendant's agreement with the state to plead guilty to felonious assault and weapons under disability in case No. 95CR-04-2520. The record indicates the plea agreement was the result of a series of negotiations initiated by appellant and the agreement was signed by appellant against the advice of his attorney after several meetings with the prosecutor. On April 29, 1997, appellant entered a plea of guilty pursuant to the agreement to the 1995 charges, as well as a plea of guilty to a charge of felonious assault, vandalism and having a weapon under disability in case No. 97CR-04-2388. Appellant was released on a recognizance bond and sentencing was set for August 21, 1997. Appellant failed to appear for his sentencing, a warrant was issued for his arrest and he was arrested October 30, 1998.
Appellant filed a motion to withdraw his plea of guilty pursuant to Crim.R. 32.1. At the hearing, appellant argued he entered the guilty plea pursuant to North Carolina v. Alford
(1970), 400 U.S. 25, and that the facts in case No. 95CR-04-2520 were insufficient to support a finding of guilty for the crimes charged. As to case No. 97CR-04-2388, appellant indicated only that the same arguments would apply.
In his first assignment of error, appellant now argues that he should have been allowed to withdraw his guilty plea because it was not knowingly, voluntarily or intelligently made. In particular, appellant argues that the trial court failed to inform appellant of the elements of the offenses to which he was pleading guilty and that there was confusion as to the sentences which could be imposed. "Generally, an appellate court will not consider any error that counsel could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v.Peagler (1996), 76 Ohio St.3d 496, 499. In turn, "[t]he Supreme Court will not ordinarily consider a claim of error that was not raised in any way in the Court of Appeals and was not considered or decided by that court." State v. Price (1979), 60 Ohio St.2d 136, paragraph two of the syllabus. Inasmuch as appellant failed to raise this issue in the trial court in support of his motion to withdraw his guilty plea, he has waived the issue on appeal.
In State v. Xie (1992), 62 Ohio St.3d 521, syllabus, the Ohio Supreme Court held:
 1. A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.
 2. The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court.
The court further stated, at 527:
 * * * We agree that a presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing. Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. In this case, the trial court held such a hearing, at which it carefully considered Xie's motion and all the circumstances surrounding the entering of the plea. Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed. For us to find an abuse of discretion in this case, we must find more than an error of judgment. We must find that the trial court's ruling was "unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149.
Upon review of the record, we find no abuse of discretion by the trial court in overruling the motion to withdraw the guilty plea. Appellant voluntarily entered into an agreement against his attorney's advice, after several negotiations between appellant, his attorney, the prosecutor and the police. The agreement provided in part as follows:
 a. If the State of Ohio, through the Prosecuting Attorney's Office determines that this agreement has been fulfilled in its entirety, the defendant shall then and ONLY THEN be allowed to withdraw his previously entered pleas of guilty to the indictment in case number 95CR-04-2520 * * * and to the Bill of Information case number 97CR-04-[2388] * * * and shall be allowed to plead guilty to Having Weapons While Under Disability with specs in case number 95CR-04-2520 and Aggravated Assault on a Peace Officer by way of Bill of Information. * * *
At the April 1, 1999 hearing, the prosecutor stated that appellant had testified before the grand jury and his co-defendants were indicted, but that appellant "was released to do some other things" and he fled. Thus, in the state's opinion, appellant had not complied with the defendant's agreement.
The trial court complied with the requirements of Crim.R. 11 and there were sufficient facts to support the offenses as charged. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant argues that his trial counsel was ineffective because he failed to be certain that the plea appellant entered was voluntarily, intelligently and knowingly made. Specifically, appellant argues that trial counsel did not call to the court's attention, its failure to notify appellant of the elements of the offenses to which he was pleading guilty.
As discussed in conjunction with the first assignment of error, appellant's guilty pleas were the result of negotiations initiated by appellant. The trial court complied with Crim.R. 11, specifically informing appellant he was not qualified for probation on any of the offenses, as well as the potential penalties. In response to questions by the court, appellant indicated he understood the proceedings. Admittedly, there was some confusion as to the degree of offenses to which appellant was pleading guilty and the sentences for those offenses, but that confusion was corrected by the trial court prior to the pleas. At his sentencing on April 1, 1999, appellant only stated he knew that what he had done was wrong but stated he was trying to assist the police. Appellant never indicated he was unclear about the guilty plea or its ramifications.
Appellant has the burden of proving ineffective assistance of counsel. State v. Smith (1981), 3 Ohio App.3d 115. InState v. Smith (1985), 17 Ohio St.3d 98, the Ohio Supreme Court adopted the two-prong analysis espoused in Strickland v.Washington (1984), 466 U.S. 668, for determining whether counsel's assistance was so defective as to require reversal of a conviction. In Strickland, at 687, the court held:
 A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. * * *
See, also, State v. Hester (1976), 45 Ohio St.2d 71.
To demonstrate ineffective assistance of counsel, appellant must show that the representation provided by his counsel fell below an objective standard of reasonableness and that, as a result, there is the reasonable probability that, but for such unprofessional errors, the result of the trial would have been different. State v. Lytle (1976), 48 Ohio St.2d 391, vacated in part on other grounds, Lytle v. Ohio (1978), 438 U.S. 910.
In State v. Rainey (1982), 3 Ohio App.3d 441, 442, this court held:
 In order for a trial court to determine that a defendant is making a plea with an understanding of the nature of the charge to which he is entering a plea, it is not always necessary that the trial court advise the defendant of the elements of the crime, or to specifically ask the defendant if he understands the charge, so long as the totality of the circumstances are such that the trial court is warranted in making a determination that the defendant understands the charge. * * *
Given the extensive negotiations leading to appellant's pleas, his attorney's statements of lengthy conversations with his client, and appellant's failure to claim he did not understand the charges, appellant has failed to show his counsel was ineffective or that he was prejudiced.
Appellant's second assignment of error is overruled.
For the foregoing reasons, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK and BRYANT, JJ., concur.