THE STATE OF OHIO, APPELLANT, *v.* NUTTER, APPELLEE.

[Cite as State v. Nutter (1970), 22 Ohio St. 2d 116.]

(No. 69-421—Decided May 6, 1970.)

118

*Mr. Robert Webb,* prosecuting attorney, and *Mr. Louis A. DiFabio,* for appellant.

*Mr. Tom R. Bailey,* for appellee.

DUNCAN, J. Before proceeding, it is relevant to set forth some fundamental principles which serve as the basis for this decision. First, a plea of not guilty requires the state to prove all material facts including those relating to the *corpus delicti. Morgan* v. *State,* 48 Ohio St. 371, paragraph three of the syllabus. The *corpus delicti* of a crime is the body or substance of the crime and includes the criminal act itself. *State* v. *Maranda,* 94 Ohio St. 364, paragraph one of the syllabus. Moreover, the state, in proving the *corpus delicti,* must establish by evidence each essential element of the crime as charged and as specified in the statute. *State* v. *Miclau,* 167 Ohio St. 38, paragraph one of the syllabus.

The state's burden in establishing the guilt of an accused is to prove each element beyond a reasonable doubt. R. C. 2945.04. Since the existence of an element of a crime is a factual matter, it is within the peculiar and exclusive province of the jury to determine that question of fact. See R. C. 2945.11; *Robbins* v. *State,* 8 Ohio St. 131. In addition, Sections 5 and 10 of Article I of the Ohio Constitution, which declare the inviolability of a jury trial and guarantee an accused an impartial jury, inferentially require that factual questions relating to the crime are within the exclusive province of the jury.

In the instant case, the defendant was tried and convicted of violating R. C. 2905.06. To prove the accused guilty the state had to prove that the defendant was over 17 years old; that the defendant had carnal knowledge; that the woman was insane; that the woman was not his wife; and that the defendant knew of the insanity. The

existence of each of these elements was exclusively a jury question. (See discussion, *supra,* concerning proof of elements.)

The trial judge, however, invaded the province of the jury when he made two statements (see footnote one) concerning the incompetency of the alleged victim to testify. We agree with the Court of Appeals that the statements not only implied that the woman was insane but also partially usurped the function of the jury by giving the trial court's inferential opinion as to the existence of an essential element of the crime.

It is well to remember the time-honored principle that "issues of fact * * * are to be tried by a jury. When they are so tried, the jury, and not the court, are to find the facts * * *." Thayer, *A Preliminary Treatise on Evidence,* 189. It follows that any expression of the trial court, and particularly any positive statement to the jury which indicates or even intimates to the jury the court's opinion on the facts in evidence is error. See *Zimmerman* v. *State,* 42 Ohio App. 407, 408.

Defendant in his brief and argument sets forth other claimed errors of law in the trial court proceedings. The Court of Appeals found error concerning the matters discussed hereinabove, and no other. In the absence of defendant's cross-appeal, such other claimed error is not before this court.

The judgment of the Court of Appeals, reversing the judgment of the Court of Common Pleas and ordering a new trial, is affirmed.

*Judgment affirmed.*

O'Neill, C. J., Leach, Schneider, Herbert and Corrigan, JJ., concur.[2]

Leach, J., of the Tenth Appellate District, sitting for Matthias, J.

---

[2]Chief Justice Taft participated in this case which was, however, decided after his death.