THE STATE OF OHIO, APPELLEE, *v.*
SMITH, APPELLANT.

(No. 43499—Decided December 17, 1981.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.

*Mr. Paul Mancino, Jr.,* for appellant.

MARKUS, J. In this delayed appeal defendant seeks reversal of his conviction for gross sexual imposition. His counsel argues that the trial court erred in denying his motion to dismiss for failure to comply with statutory speedy trial requirements, and in permitting defendant's trial counsel to withdraw the plea of not guilty by reason of insanity without the court having personally questioned defendant about his desire to do so. He also contends defendant was denied effective assistance of counsel because his trial counsel did not properly prepare the defense of not guilty by reason of insanity.[1] For the reasons stated more fully

---

[1] Defendant's three assignments of error read as follows:

"1. The court committed prejudicial error in not granting the motion of the defendant to dismiss and discharge the defendant on the basis that he had been denied a speedy trial.

"2. The defendant was denied due process of law when his defense of not guilty by reason of insanity was premitted [*sic*] to be withdrawn without a knowing and intelligent waiver of his behalf. [*sic*]

"3. The defendant was denied the effective assistance of counsel when adequate preparation was not made so as to present the defense of not guilty by reason of insanity."

below, we find no merit in defendant's contentions.

Defendant was arrested on May 4, 1978, on a complaint signed by his wife, charging him with having sexual contact with a stepdaughter and compelling her to submit by force or threat of force in violation of R.C. 2907.05(A)(1). Thereafter he was indicted and arraigned on three counts of gross sexual imposition upon three of his stepdaughters.

On June 27, 1978, the trial court signed an order referring defendant to the court's psychiatric clinic at defense counsel's request for a determination of his competency to stand trial pursuant to R.C. 2945.37. That referral order was journalized on June 30, 1978. On July 31, 1978 a hearing on defendant's competence was held, and defendant was found competent to stand trial by an order journalized on August 17, 1978.

Trial was originally scheduled for August 28, 1978, but on that date the prosecution was granted a one week continuance to September 5, 1978 because the alleged victims were not available to testify.[2] An entry granting the continuance and stating the reason, "Witness unavailable," was signed by the court that day and journalized on September 1, 1978.

On September 11, 1978, defense counsel filed two written motions. One motion requested that defendant be transferred from the county jail to a Veteran's Administration Hospital "for emotional impairment"; it was supported by an affidavit by defendant's wife which asserted that "current hospitalization would have an extremely beneficial effect" on him. The second motion sought his acquittal and discharge, claiming statutory speedy trial time limits had been exceeded. At a hearing prior to trial on September 18, 1978, the court heard arguments on the speedy trial motion and denied both written motions.[3]

Trial began on September 18, 1978. At the outset of trial, the court permitted defense counsel to file a written plea of not guilty by reason of insanity. At the close of the state's case, the court granted defendant's motion to dismiss the second and third counts of the indictment. At the conclusion of the trial, the jury found him guilty on the first count, and the court sentenced him to a prison term of two to five years. From the time of his arrest on May 4, 1978, defendant remained in jail throughout the proceedings.

On appeal, defendant contends first that the trial court erred in overruling his motion for discharge, based on the denial of his statutory right to a speedy trial. Under R.C. 2945.71(C) and (E) and R.C. 2945.73(B), defendant was entitled to be discharged upon a motion filed at or before the commencement of trial if the state failed to bring him to trial within ninety days.[4] The time limit established in

---

[2] At the hearing on that motion for a continuance, the prosecutor stated that he had spoken to the victim's mother three days earlier and that she reported they would be out of town on vacation until September 1, 1978.

[3] Both those motions and a motion to reduce bail had been made orally in the course of earlier proceedings but they had been summarily overruled so they did not affect speedy trial time limits.

[4] R.C. 2945.71(C) and (E) provide as follows:

"(C) A person against whom a charge of felony is pending:

"* * *

"(2) Shall be brought to trial within two hundred seventy days after his arrest.

"* * *

"(E) For purposes of computing time under divisions (A), (B), (C), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."

R.C. 2945.73(B) and (D) provide as follows:

"(B) Upon motion made at or prior to the

R.C. 2945.71 can be extended by the circumstances listed in R.C. 2945.72, three of which are applicable to the present case.[5] R.C. 2945.72(B) extended the limit by the period of time from the date defendant was referred to the psychiatric clinic pursuant to R.C. 2945.37[6] to the date on which the trial court determined defendant was competent to stand trial. *State v. Spratz* (1979), 58 Ohio St. 2d 61 [12 O.O.3d 77].

R.C. 2945.72(H) extended the limit by the period of the short continuance granted to the prosecutor because important state witnesses were temporarily unavailable, since this represented a "reasonable continuance granted other than upon the accused's own motion." Defense counsel argues that the continuance was not reasonable, relying on an affidavit from the victims' mother (defendant's wife) that she first told the prosecutor the victims were unavailable but later called his office to advise she could make them available. There was no evidence that the prosecutor actually received the second message or that he misrepresented his understanding when he told the court the witnesses were not available that week. Under these circumstances we are not prepared to hold that this continuance, which is reasonable upon its face, was not a "reasonable continuance granted other than upon the accused's own motion" pursuant to R.C. 2945.72(H). See *Aurora v. Patrick* (1980), 61 Ohio St. 2d 107 [15 O.O.3d 150]; *State v. Lee* (1976), 48 Ohio St. 2d 208 [2 O.O.3d 392]. Cf. *State v. Reeser* (1980), 63 Ohio St. 2d 189 [17 O.O.3d 117] (where facts affirmatively indicate lack of diligence by the state in securing availability of witnesses, multiple continuances due to witnesses' unavailability were unreasonable).

R.C. 2945.72(B) and 2945.72(H) extended the limit by the period of time from the filing of written defense motions (to transfer defendant to a hospital and to dismiss the charges) until those motions were heard and decided one week later. The time taken to rule on the motion to discharge was a "period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused." Thus, in *State v. Martin* (1978), 56 Ohio St. 2d 289 [10 O.O.3d 415], the Supreme Court

---

commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code.

"* * *

"(D)  * * * When an accused is discharged pursuant to division (B) or (C) of this section, such discharge is a bar to any further criminal proceedings against him based on the same conduct."

[5] R.C. 2945.72 provides:
"The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
"* * *
"(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;
"* * *
"(E)  Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
"* * *
"(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."

[6] R.C. 2945.37 provides:
"(A)  In a criminal action in a court of common pleas or municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before trial, the court shall hold a hearing on the issue as provided in this section."

held that a twenty-two day delay in ruling on defendant's motion to discharge for failure to meet speedy trial limits was not unreasonable and served to extend those limits. The concurrent time taken to rule on the motion to transfer defendant to a hospital was a "period during which * * * his mental competence to stand trial * * * [was] being determined."

Thus, the total number of calendar days from defendant's arrest to his trial was one hundred thirty-seven, but the statutory speedy trial limits were tolled for fifty-nine of those days. Therefore, only seventy-eight days were actually used before defendant's trial began.[7]

Defendant's second assignment of error claims that his plea of not guilty by reason of insanity should not have been withdrawn, relying on *State* v. *Turner* (Sept. 17, 1980), Medina App. No. 963, unreported. In the *Turner* case, the Ninth Appellate District ruled that a plea of not guilty by reason of insanity cannot be withdrawn in the course of the trial by defendant's counsel acting against the defendant's wishes.

There is some uncertainty whether that action is a matter of strategy within the exclusive control of defense counsel or

---

[7] The speedy trial time used is computed as follows:

*May 4, 1978* (date of arrest) to June 30, 1978 (journal entry making psychiatric referral)      57 days

*Aug. 17, 1978* (journal entry finding defendant competent) to Sept. 1, 1978 (journal entry granting prosecutor's motion for continuance)      15 days

*Sept. 5, 1978* (date to which trial continued) to Sept. 11, 1978 (defendant's written motions filed)      6 days

TOTAL    78 days

This computation excludes the first day and includes the last day pursuant to R.C. 1.14 and Crim. R. 45(A). See *Westlake* v. *Cougill* (1978), 56 Ohio St. 2d 230 [10 O.O.3d 382]; *State* v. *Smith* (1976), 47 Ohio App. 2d 317 [1 O.O.3d 385].

is a fundamental right within the exclusive control of the defendant himself. See A.B.A. Standards Relating to the Administration of Criminal Justice, The Defense Function, Section 5.2 (Approved Draft 1971):

"*Control and direction of the case.*

"(a) Certain decisions relating to the conduct of the case are ultimately for the accused and others are ultimately for defense counsel. The decisions which are to be made by the accused after full consultation with counsel are: (i) what plea to enter; (ii) whether to waive jury trial; (iii) whether to testify in his own behalf.

"(b) The decisions on what witnesses to call, whether and how to conduct cross-examination, what jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client.

"(c) If a disagreement on significant matters of tactic or strategy arises between the lawyer and his client, the lawyer should make a record of the circumstances, his advice and reasons, and the conclusion reached. The record should be made in a manner which protects the confidentiality of the lawyer-client relation."

The accompanying notes to the A.B.A. Standards make clear that the defendant's control over "what plea to enter" concerns the pleas of "guilty" and "not guilty."

There may be important strategic reasons why counsel chooses to withdraw an insanity defense like any other defense, when an unsophisticated client fails to understand the wisdom of that decision. For example, an insanity defense implies to many jurors an admission that defendant committed the act charged, and in some cases it may also lead to admission of psychiatric testimony that recites defendant's admissions during his mental examination or is otherwise harmful to the defense. Although no other Ohio decision has been found which

directly addresses this issue, the Franklin County Court of Appeals ruled that a trial court is required to appoint counsel for a mentally disturbed defendant and to heed that counsel's request for a psychiatric examination of the defendant, despite defendant's personal objection to those actions. *State* v. *Jackson* (1973), 36 Ohio App. 2d 164 [65 O.O.2d 253].

However, even if we assume the correctness of the Ninth Appellate District's decision, the present record does not demonstrate that this plea was withdrawn against the defendant's personal wishes. The following exchange took place between the court and defense counsel at the close of the evidence:

"MR. KELLEY: May it please the Court, counsel for the defendant hereby withdraws the second prong of the not guilty plea, that is, not guilty by reason of insanity, and leave [*sic*] only the plea of not guilty.

"* * *

"THE COURT: Have you discussed this with your client?

"MR. KELLEY: No, I haven't, your Honor.

"THE COURT: I think you ought to. I am willing to accept it, but I think you ought to talk to your client, so he will know what you are doing.

"MR. KELLEY: Yes, Judge.

"THE COURT: Do you want to go and talk to him now?

"MR. KELLEY: Yes. I have done so, Judge.

"THE COURT: He is satisfied, the family and all?

"MR. KELLEY: Yes, Judge.

"THE COURT: Let the record show that at the request of the defendant, and the prosecution not objecting, the Court accepts the withdrawal of the plea of not guilty by reason of insanity."

Defendant's appellate counsel urges that defendant was denied due process because the trial court failed to address the defendant personally to ascertain whether he consented to the withdrawal of the plea. Defense counsel has failed to cite any authority for such a proposition, and this court is aware of none. This case must be distinguished from cases in which a defendant seeks to withdraw a not guilty plea and to enter a guilty plea. In that situation the trial court must personally address the defendant to ensure that the guilty plea is being voluntarily and knowingly entered. Crim R. 11(C)(2); *State* v. *Buchanan* (1974), 43 Ohio App. 2d 93 [72 O.O.2d 307].

Here, however, defense counsel merely sought withdrawal of the plea of not guilty by reason of insanity and wished to proceed on the not guilty plea. By so doing, defense counsel did not seek to waive any of defendant's constitutional rights, since a not guilty plea puts all essential elements of the offense charged in issue and requires the state to prove each of them beyond a reasonable doubt. *State* v. *Manago* (1974), 38 Ohio St. 2d 223 [67 O.O.2d 291]; *State* v. *Nutter* (1970), 22 Ohio St. 2d 116 [51 O.O.2d 178].

There is no requirement that a defendant personally withdraw a plea of not guilty by reason of insanity. Although not directed to the withdrawal of such a plea, Crim. R. 11(A) permits a written plea of not guilty by reason of insanity to be signed either by a defendant or his counsel.[8] *People* v. *Gaines* (1962), 25 Cal. Rptr. 448, 375 P.2d 296, contains a per-

---

[8] Crim. R. 11(A) provides as follows:

"Pleas. A defendant may plead not guilty, not guilty by reason of insanity, guilty or, with the consent of the court, no contest. A plea of not guilty by reason of insanity shall be made in writing by either the defendant or his attorney. All other pleas may be made orally. The pleas of not guilty and not guilty by reason of insanity may be joined. If a defendant refuses to plead, the court shall enter a plea of not guilty on behalf of the defendant."

suasive argument that a statute which requires that a defendant *enter* a plea personally, and is silent as to *withdrawal* of that plea, authorizes withdrawal by counsel of a plea of not guilty by reason of insanity, in the absence of dissent by the defendant. This argument is stronger under Crim. R. 11(A) which permits the plea of not guilty by reason of insanity to be made either by a defendant or his counsel.

We hold that in the absence of any constitutional provision, statute, or court rule restricting defense counsel's authority to withdraw a plea of not guilty by reason of insanity, the trial court acts properly in accepting that withdrawal without personally discussing the matter with the defendant himself, at least when the record discloses no dissension from that decision by the defendant. Cf. *Estelle* v. *Williams* (1967), 425 U.S. 501 (no duty by trial court to inquire whether defendant is deliberately attending trial in prison clothes without objection); *Wainwright* v. *Sykes* (1977), 433 U.S. 72, 91-94 (Chief Justice Burger, concurring) (no duty by trial court to determine compliance with *Miranda* rights when defense counsel makes no objection to admission of defendant's statement).

Finally, defendant claims he was denied effective assistance of counsel because his trial counsel inadequately prepared his defense of not guilty by reason of insanity. However, the record reveals that defense counsel requested a determination of defendant's competency to stand trial under R.C. 2945.37, and that defendant was determined to be competent. Apparently no psychiatric evaluation was made by the court's psychiatric clinic to determine defendant's state of mind at the time of the offense. Evidence was presented that defendant suffers a one hundred percent mental disability incurred in the service and that he has been both an in-patient and out-patient for various periods of time at several Veteran's Administration mental health facilities. In addition, the record establishes the defense of not guilty by reason of insanity was not pled until the day of trial, that it was pled at the suggestion of the trial court, and that the defense was withdrawn by defense counsel with the apparent consent of the defendant at the close of all the evidence.

In order to establish prejudice to defendant resulting from a lack of effective assistance of counsel, defendant must establish upon appeal a substantial violation by counsel of an essential duty to his client. The defendant must then establish his defense was prejudiced by the violation of any such duty. *State* v. *Lytle* (1976), 48 Ohio St. 2d 391 [2 O.O.2d 495]. In light of the presumption of competency attributed to counsel in Ohio, the burden upon a defendant to establish ineffective assistance of counsel is a heavy one. *Vaughn* v. *Maxwell* (1965), 2 Ohio St. 2d 299 [31 O.O.2d 567].

Given defendant's extensive history of mental impairment and disability including extensive medical treatment, it is reasonable to assume witnesses and records relating to his mental condition would have been available to defense counsel. Given the presumption of defense counsel's competency, this court cannot assume that the defendant's trial counsel simply failed to prepare for this defense. It is equally reasonable to assume these witnesses and records would not have supported defendant's claimed insanity at the time of the offense. Further, it is similarly reasonable to assume from the record that defense counsel did not seek a determination of defendant's sanity at the time of the offense pursuant to R.C. 2945.39 for the same reason. Consequently, defendant has not met his burden of establishing on the record a violation by his trial counsel of an essential duty to defendant.

Further, assuming that there was some violation of such a duty, defendant has failed to establish any resulting prejudice. The record establishes that defen-

dant made no objection to the withdrawal in his presence of his plea of not guilty by reason of insanity. Having chosen not to submit that defense to the jury, defendant cannot now rely upon error allegedly committed with respect to that defense.

For all the reasons discussed, none of defendant's assignments of error merits reversal.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

CORRIGAN, P.J., and KRENZLER, J., concur.