Defendant-appellant, Brian O. Reed, appeals from a judgment entry of the Franklin County Court of Common Pleas accepting his guilty plea.
Appellant was indicted on two counts of aggravated robbery with specifi-cations, two counts of aggravated robbery without specifications, and four counts of robbery on December 6, 1996. On April 14, 1997, appellant pled guilty to robbery and theft, and was sentenced to a definite term of six years on the robbery count and six months on the theft count to be served consecutively. On September 29, 1998, appellant filed a pro se
motion for leave to file a delayed appeal. This court granted appellant's motion on November 6, 1998, and appointed the Franklin County Public Defender to represent appellant on appeal.
Appellant asserts two assignments of error:
FIRST ASSIGNMENT OF ERROR
 The trial court erred in accepting Appellant's guilty plea in violation of Crim. R. 11 and due process guarantees under the state and federal Constitutions.
 SECOND ASSIGNMENT OF ERROR
 Appellant was denied effective assistance of counsel as guaranteed under the Fifth, Sixth, and Fourteenth Amend-ments to the United States Constitution and Article I, Section 10 of the Ohio Constitution because counsel failed to timely petition the court to request that Appellant receive treatment in lieu of conviction.
As a preliminary matter, appellant's counsel requested that this court review the record pursuant to Anders v. California
(1967), 386 U.S. 738. Thus, we have con-ducted an independent review of the entire record for any error in the proceedings, pursuant to Anders.
In appellant's first assignment of error, he argues that the trial court failed to determine whether appellant's guilty plea was knowingly, voluntarily and intelligently entered into, thereby violating Crim.R. 11(C) and appellant's due process rights. We disagree.
Crim.R. 11(C)(2) provides that:
 In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maxi-mum penalty involved, and, if applicable, that he is not eligible for probation.
 (b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 (c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilty beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself.
The Ohio Supreme Court has held that a trial court is not required to use the exact language of Crim.R. 11(C) in informing a defendant of his constitutional rights as long as the record reflects that the trial court explained his constitutional rights "in a manner reasonably intelligible to that defendant."State v. Ballard (1981), 66 Ohio St.2d 473, at paragraph two of the syllabus. Only substantial compliance with Crim.R. 11(C) is required regarding the non-constitutional provisions of the rule.State v. Stewart (1977), 51 Ohio St.2d 86, 92; State v. Nero
(1990), 56 Ohio St.3d 106, 108. The purpose of Crim.R. 11(C) is "to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty." Ballard, at 479-480. In order to challenge a guilty plea on the basis that the plea was not knowingly, intelligently and voluntarily made, a defendant must show a prejudicial effect.Nero, at 108. "The test is whether the plea would have otherwise been made." Id.
Here, a review of the transcript reveals that the trial court fully complied with Crim.R. 11(C)(2). Moreover, the totality of the circumstances indicates that appellant's plea was made knowingly, intelligently and voluntarily. The original plea offer was for appellant to plead guilty to two of the robbery counts and to receive a sentence of seven years. Appellant rejected this plea over the recommendation of his counsel that he accept it. After the trial court overruled appellant's motion to suppress and his motion to sever, appellant's counsel requested a continuance over the weekend to discuss the plea offer with appellant. After consulting with his counsel and negotiating with the state, appellant chose to accept a plea agreement jointly recommended by the state and appellant's counsel, under which appellant pled guilty to one count of robbery and one count of theft for a total sentence of six years and six months. Thus, appellant and his counsel were able to negotiate a more favorable plea agreement than the original offer. Finally, con-trary to appellant's assertion that he did not understand, his dialogue with the judge indicates that he fully understood the rights he was giving up and the terms of the plea he was accepting.
Thus, appellant has failed to demonstrate any prejudicial effect or that he would not have accepted the plea agreement otherwise. Consequently, appellant's first assignment of error is without merit and is overruled.
In appellant's second assignment of error, he argues that he was denied his constitutional right to effective assistance of counsel because his attorney did not request that appellant receive treatment in lieu of conviction under R.C.2951.041. We disagree.
In Ohio, a presumption of competency is attributed to counsel. Vaughn v. Maxwell, Warden (1965), 2 Ohio St.2d 299, 301;State v. Smith (1981), 3 Ohio App.3d 115, 120. The burden to establish ineffective assistance of counsel is a heavy one.Smith, at 120. In Strickland v. Washington (1984),466 U.S. 668, the United States Supreme Court established a two-part test to determine whether counsel's assistance was so defective as to require reversal of a conviction. The Strickland court stated:
 * * * First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable.
Strickland, at 687. See, also, State v. Smith (1985), 17 Ohio St.3d 98,100 (the Ohio Supreme Court holds that Strickland is essentially the same test adopted in State v. Hester [1976],45 Ohio St.2d 71, 79, and State v. Lytle [1976], 48 Ohio St.2d 391,395).
Here, appellant failed to establish that his counsel's performance was deficient. Appellant's counsel negotiated a plea agreement more favorable to appellant than the original offer from the state. The sentence was agreed to by appellant and the state, and jointly recommended to the court. Appellant's counsel specifically informed the court of appellant's drug addiction and prior failed attempts at drug treatment, and requested that appellant receive drug counseling and treatment while in the custody of the Department of Rehabilitation and Corrections. The trial court stated that it would recommend treatment and counseling. Finally, as the state argues, appellant failed to demonstrate that he was eligible for treatment in lieu of conviction under R.C. 2951.041(B) due to his prior offenses.
Because appellant's conviction was the product of a negotiated plea, he failed to establish that his counsel's performance was deficient in not requesting treat-ment in lieu of conviction. Consequently, appellant's second assignment of error is without merit and is overruled.
For the foregoing reasons, appellant's two assignments of error are over-ruled. Additionally, our review of the entire record pursuant to Anders failed to reveal any error in the proceedings. Consequently, the decision of the trial court is affirmed.
Judgment affirmed.
BRYANT and BOWMAN, JJ., concur.