DECISION
Appellant, Joseph Crockett, appeals from his conviction for trafficking in cocaine, a felony of the fifth degree, and sets forth the following assignments of error:
First Assignment of Error
 I. DEFENDANT-APPELLANT CROCKETT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL SINCE COUNSEL FAILED TO PROVIDE A MEANINGFUL STATEMENT IN MITIGATION OF SENTENCE AND FAILED TO REQUEST A PRESENTENCE INVESTIGATION SO AS TO PROVIDE A MEANINGFUL REVIEW OF DEFENDANT-APPELLANT CROCKETT'S SITUATION AND RECORD FOR APPELLATE REVIEW OF THE SENTENCE.
 Second Assignment of Error
 II. THE TRIAL COURT'S SENTENCING DEFENDANT-APPELLANT CROCKETT TO THE MAXIMUM PRISON TERM, IS CONTRARY TO R.C.
SECTIONS 2929.14 AND 2929.19(B).
 Third Assignment of Error
 III. THE TRIAL COURT VIOLATED DEFENDANT-APPELLANT CROCKETT'S RIGHT TO TRIAL BY JURY, AS PROTECTED BY THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN IT IMPOSED THE MAXIMUM SENTENCE AS PUNISHMENT FOR THE EXERCISING HIS CONSTITUTIONAL RIGHT TO A TRIAL.
The only issue presented at trial was that of identification. Columbus Police Officer Joel Sturgeon testified that, on December 18, 1998, he was working as an undercover narcotics officer and purchased crack cocaine from appellant for $20. Sturgeon testified that the sale occurred in mid-afternoon on a bright sunny day and that he was no more than two to three feet from appellant. Despite the fact that appellant was wearing a sweatshirt with a hood over his head, Sturgeon testified he was able to see his face generally and that appellant had a scar on his nose. In addition to Sturgeon's testimony, the jury was shown a videotape of the drug purchase made by a video camera located in the unmarked police car driven by Sturgeon.
Appellant testified on his own behalf. Appellant admitted that he had been an alcoholic and drug abuser most of his life; had ten felony convictions in the last ten years, including several related to drug offenses; and had served time in prison, but denied he was the person shown on the tape selling drugs to Sturgeon. Appellant specifically denied that he ever wore a sweatshirt with a hood.
Following his conviction by a jury, the trial court sentenced appellant to one year in prison, the maximum sentence for a fifth degree felony.
In his first assignment of error, appellant contends his trial counsel was ineffective for failing to request a presentence investigation. Appellant has the burden of proving ineffective assistance of counsel. State v. Smith (1981), 3 Ohio App.3d 115. In State v. Smith (1985), 17 Ohio St.3d 98, the Ohio Supreme Court adopted the two-prong analysis espoused in Strickland v.Washington (1984), 466 U.S. 668, for determining whether counsel's assistance was so defective as to require reversal of a conviction. In Strickland, at 687, the court held:
 A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. ***
See, also, State v. Hester (1976), 45 Ohio St.2d 71.
To demonstrate ineffective assistance of counsel, appellant must show that the representation provided by his counsel fell below an objective standard of reasonableness and that, as a result, there is the reasonable probability that, but for such unprofessional errors, the result of the trial would have been different. State v. Lytle (1976), 48 Ohio St.2d 391, vacated in part on other grounds, Lytle v. Ohio (1978), 438 U.S. 910.
Appellant argues that the failure of trial counsel to request a presentence investigation prevented the trial court from a full appreciation of appellant's circumstances and deprives this court of an opportunity to review the sentence imposed. We disagree. Given appellant's admission as to a number of felony convictions, including drug-related offenses, and that he had been a drug abuser and alcoholic the majority of his life, it is difficult to imagine how a presentence investigation would have made any difference as to the sentence imposed upon appellant. Allegations of ineffective assistance of counsel must be based on something more than speculation and wishful thinking. Appellant offers no argument as to what a presentence investigation would have disclosed or how there is a reasonable probability it would affect his sentence; that is, he would have received less than the maximum sentence. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant contends that the trial court erred in imposing the maximum sentence upon him. Appellant was convicted of trafficking in cocaine, a felony of the fifth degree. R.C. 2929.14(A)(5) provides:
 (5) For a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months.
R.C. 2929.14(C) sets forth the legislative policy of disfavoring maximum sentences, except:
 *** [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
In imposing the maximum penalty for a single offense, R.C. 2929.19(B)(2)(d) provides:
 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
***
 (d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term[.]
In State v. Edmonson (1999), 86 Ohio St.3d 324, 329, the court stated that a trial court must set out its finding that the defendant falls within one of the categories enumerated in R.C.2929.14(C). The court must also set forth its reasons for imposing a maximum term for a single offense pursuant to R.C.2929.19(B)(2)(d). Here, the court found that, based on appellant's long felony record, he was most likely to reoffend. The court further found that the maximum sentence was appropriate, given appellant's lengthy felony record, including prior drug-related offenses; his admitted life-long drug abuse and lack of any effort to correct that problem; and appellant's admission that most of his past felony convictions were related to drug problems. Therefore, appellant's second assignment of error is overruled.
In his third assignment of error, appellant argues he received the maximum sentence as punishment for exercising his right to a trial by jury. Appellant fails to cite any comment by the trial court that even suggests it would support such an argument which is clearly lacking in any merit. Therefore, appellant's third assignment of error is overruled.
For the foregoing reasons, appellant's first, second and third assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BROWN and DESHLER, JJ., concur.