JOURNAL ENTRY AND OPINION
Defendant-appellant Kristian Dimitrov (appellant) appeals from his conviction for burglary and possession of criminal tools. The judgment of the trial court is affirmed.
On December 11, 1997, the grand jury issued a two-count indictment charging appellant with burglary (R.C. 2911.12) and possession of criminal tools (R.C. 2923.24). At his arraignment, appellant entered a plea of not guilty to the charges. In the interim, appellant was arrested, convicted and received probation for unrelated felony offenses he committed in Chicago, Illinois. Upon learning of the charges in Ohio, Illinois authorities returned appellant to Cuyahoga County to face the subject indictment.
The jury trial of this case commenced on August 5, 1999. The prosecution called Officer John Robertson, a thirteen-year veteran of the City of Parma Police Department, as its first witness. On October 19, 1997, Officer Robertson was patrolling the area near Forest Ridge Apartments. Officer Robertson observed appellant exit the front door of the apartment complex carrying a black canvas bag. Upon observing Officer Robertson's police car, appellant ran toward the rear of the building. By the time Officer Robertson drove to the back of the building and detained appellant, appellant no longer had possession of the bag.
Officer Robertson called for back-up. While waiting for back-up, appellant informed Officer Robertson that he and a friend had driven to the Cleveland area from Chicago in a dark-colored Honda with an Illinois license plate. When the other officers arrived, they searched the apartment complex's parking lot and found the black canvas bag underneath the bumper of a red Camaro. Officer Robertson identified the black canvas bag as the one appellant was carrying when the officer first observed appellant. Upon searching the bag, the officers found assorted tools and a large amount of quarters. Appellant denied any connection to the bag.
Officer Robertson testified that the police arrested appellant and impounded the Honda with Illinois license plates. Thereafter, the police obtained a search warrant and conducted an inventory search of the vehicle. According to Officer Robertson, the car contained several tools and over $6,000.00 in quarters.
The state also presented the testimony of Scott Adam Baskind, the property manager of Forest Ridge Apartments. On October 20, 1997, after speaking with the police, Mr. Baskind inspected the laundry machines at the apartment complex. Mr. Baskind testified that approximately twenty of the forty machines had empty coin boxes. Mr. Baskind testified that he had the only keys to the machines. According to Mr. Baskind, he had difficulty opening some of the coin boxes. The key would either not go in all the way into the slot, or when I put the key in the slot all the way, it wouldn't turn as easily as it normally would. (Tr. 61.) Mr. Baskind had to call Southgate Key to open some of the machines. Mr. Baskind learned that somebody had tampered with the lock boxes.
The state then called its final witness, Parma Police Detective Richard McGlynn. The day after appellant's arrest, the department assigned Detective McGlynn to investigate the case. After the police processed appellant and Detective McGlynn again informed appellant of his constitutional rights, the detective interrogated appellant. According to Detective McGlynn: he [appellant] told me he found the bag and he was going to a lit area so he could see what was in it. (Tr. 82.) Appellant also informed Detective McGlynn that he along with some other men drove to Cleveland from Chicago, Illinois.
Detective McGlynn testified that a number of suspicious items were found inside the impounded vehicle, including a chrome lock from a coin machine, a bag with over $6,000.00 in quarters, power tools, and various other lock-picking devices. The detective also testified that pieces of metal found inside the lock of a damaged laundry machine at Forest Ridge Apartments matched the shaft of one of the tools found in the vehicle. The state introduced its exhibits, and the defense rested without presenting a case-in-chief.
After deliberation, the jury returned a verdict finding appellant guilty of the charges as set forth in the indictment. In a journal entry filed on August 24, 1999, the trial court sentenced appellant to consecutive prison terms of four years for burglary and six months for possession of criminal tools. Cuyahoga County returned appellant to Illinois for probation proceedings. Thereafter, appellant filed a delayed notice of appeal with this court.
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT GAVE IMPROPER JURY INSTRUCTIONS REGARDING THE ELEMENTS OF CRIMINAL CHARGES.
In his first assignment of error, appellant challenges the trial court's jury instructions regarding the elements of burglary. In particular, appellant complains about the following two comments made by the court during jury instructions: (1) Theft is sufficient here to find in this case.; and (2) Anything can be a criminal offense, anything. (Tr. 215.) Appellant objected to these statements pursuant to Crim.R. 30(A).
In order to review jury instructions upon appeal, we must examine the specific charge at issue in the context of the entire charge, not in isolation. State v. Dvorkin (Mar. 2, 2000), Cuyahoga App. Nos. 75339, 75340, 75341, unreported, citing State v. Thompson (1987), 33 Ohio St.3d 1,514 N.E.2d 407. After defining purpose, the trial court instructed the jury on the elements of burglary. The court stated:
 Now, to go back to count one, burglary, 2911.12. Before you can find the defendant guilty, you must find beyond a reasonable doubt, that on or about the 19th day of October 1997, in Cuyahoga County, in the state of Ohio, the defendant, by force, stealth or deception, trespassed in an occupied structure or in a separately secured or occupied portion of an occupied structure, the property of the Forest Ridge Apartments, with purpose to commit in the structure or separately occupied portion any criminal offense.
 Now, I haven't defined any criminal offense but you can use your common sense of theft. Anything can be a criminal offense, anything. Theft is sufficient here to find in this case (sic). If you find the State proved, beyond a reasonable doubt, all the essential elements of the offense of burglary as charged in count one of the indictment, your purpose (sic) must be guilty according to your finding. (Tr. 215-216.)
R.C. 2911.12(A)(1) sets forth the elements of burglary:
 (A) No person, by force, stealth, or deception, shall do any of the following:
 (1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense; (emphasis added).
When read in context with the charge as a whole, the challenged comments do not constitute prejudicial error. After properly defining the elements of burglary, the trial court attempted to relay that any criminal offense, including theft, would be sufficient to satisfy the final element of burglary, i.e., with the purpose to commit in the structure any criminal offense. Based upon the foregoing, appellant's first assignment of error is overruled.
 II. THAT THE APPELLANT DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS COUNSEL FAILED TO PROPERLY CONFRONT, OR OTHERWISE CHALLENGE THE PROSECUTOR'S LATE DISCLOSURE OF AN ALLEGED ADMISSION MADE BY THE APPELLANT.
As for his second assignment of error, appellant asserts that the prosecution failed to reveal in a timely fashion an alleged statement made by appellant to police, viz., appellant informed Detective McGlynn that he had found the [black canvas] bag and he was going to a lit area so he could see what was in it. (Tr. 82.) Appellant claims that his trial counsel did not learn of this statement until just before trial. Appellant insists that his trial counsel should have requested a continuance or moved that the statement be excluded from trial. Appellant maintains that his attorney's failure in this regard constituted ineffective assistance of counsel.
The United States Supreme Court set forth the standard for ineffective assistance counsel in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674:
 * * * First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
As this court stated in State of Ohio v. Foster (June 22, 2000), Cuyahoga App. No. 76383, unreported:
 The burden of showing deficient performance is a heavy one since counsel in Ohio are presumed competent. State v. Smith (1981), 3 Ohio App.3d 115, 444 N.E.2d 85. In evaluating defense counsel's performance, a reviewing court must accord deference to counsel's strategic choices from counsel's perspective at the time of trial, without the benefit of hindsight. Strickland, supra. In order to show prejudice, the defendant must show that a reasonable probability exists that, but for counsel's error, the result of the trial would have been different. State v. Bradley(1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus.
In the instant case, appellant failed to satisfy either prong of the Strickland test. Appellant's trial counsel noted this alleged discovery violation on the record, and attempted to obtain Detective McGlynn's notes:
 MR. STANDARD: Judge, my only concern is that this detective has now attributed a statement to the defendant. That was the defendant found this bag in question, that he was going to a lighted area to see its contents. The Court may recall that.
 I had received in discovery in the State's response to my request for discovery, and from prior counsel, that the defendant made an oral statement. He denied having a bag which he had previously been seen carrying.
 Now, I want the record to reflect that there was some sort of discovery violation because that statement that was just testified to on direct was never revealed to me. And I am most concerned and I suspect whether or not it was recorded contemporaneously. Now, the detective has denied, but I suspect that he, shortly after that, did record some notes about the conversation with the defendant and would have written something down.
 I would only ask the Court, at the very least, to conduct an in camera inspection of any notes reduced to writing based on that because of under the rules, under 16(B)(1)(a)(2). (Tr. 105-106)
Here, appellant's trial counsel made a reasonable tactical decision to impeach Detective McGlynn with his lack of notes concerning appellant's alleged statement about the bag. In addition, based upon the wealth of evidence against appellant, this court finds that the result of this case would have been the same even if the challenged statement had been excluded from trial.
Thus, appellant's second assignment of error is overruled. The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J. and ANN DYKE, J. CONCUR.
 _____________________________________ JOYCE J. GEORGE, JUDGE (Retired Judge of the Ninth Appellate District, Sitting by Assignment).