JOURNAL ENTRY AND OPINION
Defendant-appellant Michael Belcastro (appellant) appeals from his conviction for pandering sexually oriented matter involving a minor and illegal use of a minor in nudity-oriented material. For the following reasons, the judgment of the trial court is affirmed.
On February 11, 1999, the grand jury issued an indictment charging appellant with one count of pandering sexually oriented matter involving a minor (R.C. 2907.322) and five counts of illegal use of a minor in nudity-oriented material (R.C. 2907.323). At his arraignment on February 26, 1999, appellant entered a plea of not guilty.
As part of a plea agreement, appellant entered a plea of guilty to an amended indictment of three counts of pandering obscenity (R.C. 2907.32). However, appellant filed a motion to vacate his guilty pleas. The trial court granted appellant's unopposed motion to vacate on June 25, 1999.
On September 1, 1999, appellant filed a motion to suppress approximately twenty boxes of pornographic material seized by the Euclid Police Department from appellant's condominium. The jury trial of the underlying case commenced on August 30, 1999.
The prosecution called as its first witness Ann Marie Helmick. Ms. Helmick testified that she became acquainted with appellant through an advertisement for models in Scene Magazine. Appellant convinced Ms. Helmick to pose for nude photographs. Ms. Helmick had just turned nineteen years old when she met appellant.
Ms. Helmick informed a friend, Mary J., about the appellant's advertisement. At the time, Mary J. was seventeen years old. According to Ms. Helmick, Mary J. expressed an interest in posing for appellant because she needed some money.
The underlying incident took place in appellant's condominium in November or December 1998. Ms. Helmick testified that appellant inquired about Mary J.'s age. Mary J. replied that she was twenty or twenty-one years old. Ms. Helmick did not recall appellant asking Mary J. for identification; however, according to Ms. Helmick, Mary J. looked like she was twenty.
After the trio drank three or four bottles of wine, which appellant provided, they went down to appellant's basement. Mary J. undressed and appellant began to take photographs of her. Appellant also videotaped the photo session. Ms. Helmick testified that appellant took photographs of Mary J. for about thirty to forty-five minutes.
Mary J. convinced Ms. Helmick to join in the photo session. Mary J. and Ms. Helmick engaged in sexual activity while appellant photographed and videotaped them. Then appellant undressed and Ms. Helmick performed oral sex on him. Appellant also shaved the genital areas of both females. All of this activity was captured on a videotape which the state played for the jury.
Ms. Helmick further testified that she would stay in appellant's condominium when he was out of town. On one of these occasions, Ms. Helmick's boyfriend, Richard Zirke, found the videotape containing the sexually-oriented videotape of Mary J. and Ms. Helmick. Mr. Zirke confronted Ms. Helmick, and left the condominium with the videotape.
The prosecution presented the testimony of Detective Sergeant James Baird of the City of Euclid Police Department. According to Detective Baird, Richard Zirke contacted the police about the videotape and some photographs Mr. Zirke had taken from appellant's condominium. Mr. Zirke turned the videotape and photographs over to the police. After viewing the tape, Detective Baird contacted Ms. Helmick and Mary J. During his investigation, the detective learned that Mary J. was only seventeen years old. The police obtained a search warrant for appellant's condominium. Detective Baird testified that the police seized numerous boxes of homemade and commercial pornography during their search of appellant's home.
The prosecution's third and final witness was Mary J., appellant's victim. She testified that her date of birth was June 13, 1981. For the most part, Mary J.'s testimony corroborated the testimony of Ms. Helmick. Mary J. acknowledged that she lied to appellant about her age — Mary J. was only seventeen at the time of the underlying incident, but told appellant that she was twenty years old. Mary J. also admitted that she had a fake ID; however, Mary J. testified that she did not show the fake ID to appellant.
The state then offered various pornographic exhibits into evidence, including the videotape of Mary J. and Ms. Helmick, the photographs of Mary J. and Ms. Helmick, books and photographs of nude girls, and adult magazines.
The defense called two witnesses. Jennifer Calvert testified that she also modeled for appellant. At the time, Ms. Calvert was twenty years old. According to Ms. Calvert appellant said right off the bat we need to prove that you are over the age of 18. (Tr. 402.) Ms. Calvert testified that appellant checked her ID. Then appellant proceeded to take nude photographs of Ms. Calvert. Appellant also videotaped this photo session.
Appellant testified on his own behalf. Appellant stated that he took several photography classes at Lakeland Community College, the Cleveland Institute of Art, and the New York Institute of Photography. Appellant asserted that he was a nudist. Appellant maintained that his collection of nude magazines was related to his study of the different forms of the nude human figure.
Appellant testified that he asked Ms. Helmick and Mary J. for identification before he photographed them. According to appellant, Mary J. produced a New York state I.D. which evidenced that she was twenty years old. Moreover, Ms. Helmick had informed appellant that Mary J. was twenty before Ms. Helmick brought Mary J. to appellant's condominium. Appellant testified that he would have never taken photographs of Mary J. if he knew she was under eighteen years old.
The trial court dismissed count three of the indictment (the second of five charges of illegal use of a minor in nudity-oriented material). After deliberation, the jury returned its verdict finding appellant guilty of pandering sexually oriented matter involving a minor and illegal use of a minor in nudity-oriented material. The jury found appellant not guilty on charges four, five and six. In a journal entry filed on November 30, 1999, the trial court sentenced appellant to concurrent prison terms of five years on count one and six months on count two. Therefrom, appellant filed a timely notice of appeal with this court.
 I. THE TRIAL COURT ERRED IN THE ADMISSION OF CERTAIN EVIDENCE.
In the first assignment of error, appellant argues that the trial court erred in permitting the state to introduce testimony and exhibits concerning the large amount of pornographic material confiscated from appellant's condominium. Appellant asserts that this pornographic material involving adults was legal and irrelevant to the charges against him. See Stanley v. Georgia (1969), 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542
(the First Amendment constitutionally protected the private possession of obscene material).
Pursuant to Evid.R. 401: Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Evid.R. 402 provides that evidence which is not relevant is not admissible.
As the prosecution notes, an appellate court must afford the trial court broad discretion in determining the admissibility of evidence. State v. Prim (1999), 134 Ohio App.3d 142, 155, 730 N.E.2d 455, citing State v. Maurer (1984), 15 Ohio St.3d 239, 265, 473 N.E.2d 768, 791-792; State v. Awkal (1996), 76 Ohio St.3d 324, 667 N.E.2d 960. The trial court's decision in this regard may not be disturbed on appeal absent an abuse of discretion. Id. Moreover, an appellate court may not reverse a trial court's determination concerning the admissibility of evidence unless the appellant demonstrates he has been materially prejudice. Id.
Appellant's possession of a large quantity of extraneous pornographic material involving adults had little if any relevance to the charges of pandering sexually oriented matter involving a minor and illegal use of a minor in nudity oriented material. Nevertheless, appellant failed to demonstrate that he was prejudiced by the introduction of this evidence. The sexually-oriented videotape and photographs of the seventeen-year-old victim, combined with the testimony of Mary J., Ms. Helmick and appellant himself, established appellant's guilt. The introduction of the other pornographic material was inconsequential to appellant's conviction. Therefore, appellant's first assignment of error is overruled.
 II. THE TRIAL COURT ERRED IN INSTRUCTING THE JURY THAT THE OFFENSE OF PANDERING SEXUALLY ORIENTED MATERIAL INVOLVING A MINOR WAS A STRICT-LIABILITY OFFENSE.
 III. THE TRIAL COURT ERRED IN INSTRUCTING THE JURY THAT MISTAKE OF AGES IS NOT A DEFENSE TO A VIOLATION OF OHIO R.C. S2907.322.
 IV. OHIO R.C. S2907.322 IS AN UNCONSTITUTIONAL INFRINGEMENT UPON THE DEFENDANT'S RIGHTS UNDER THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 11 OF THE OHIO CONSTITUTION, IN THAT IT PERMITS A DEFENDANT TO BE CONVICTED OF PANDERING SEXUALLY ORIENTED MATTER INVOLVING A MINOR WITHOUT PERMITTING HIM TO SHOW THAT HE REASONABLY BELIEVED THAT THE PERSONS DEPICTED IN THE MATERIALS WERE NOT MINORS.
In his second, third and fourth assignments of error, appellant challenges the application of R.C. 2907.322(B)(2) to his case. This subsection provides that [m]istake of age is not a defense to a charge under this section. Pursuant to App.R. 12(A)(2) and App.R. 16(A), these assignments of error are summarily overruled. App.R. 16(A) requires an appellant to argue each assignment of error separately in his brief. Under App.R. 12(A)(2), this court may disregard any error if the appellant fails to argue the assignment separately in the brief, as required under App.R. 16(A).
Even if this court were inclined to address the merits of the second, third and fourth assignments of error, these assignments would have been overruled. R.C. 2907.322(B)(2) is clear — mistake of age is not a defense to a charge of pandering sexually oriented matter involving a minor. Moreover, R.C. 2907.322(B)(2) has been effective since March 17, 1989, without a successful challenge to its constitutionality. Lastly, defense counsel failed to object to the subject jury instructions or challenge the constitutionality of R.C. 2907.322(B)(2) at trial. As such, these issues are waived on appeal. State v. Frazier (1995),73 Ohio St.3d 323, 339, 652 N.E.2d 1000; State v. Awan (1986),22 Ohio St.3d 120; 489 N.E.2d 277, syllabus. Appellant failed to demonstrate that these matters rose to plain error.
 V. DEFENDANT WAS DENIED A FAIR TRIAL AS A RESULT OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
As for his fifth assignment of error, appellant argues that his trial counsel's failure to object to the jury charges and challenge the constitutionality of R.C. 2907.322(B)(2) constituted ineffective assistance of counsel.
The United States Supreme Court set forth the standard for ineffective assistance counsel in Strickland v. Washington (1984), 466 U.S. 668,687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693:
 * * * First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.
 Second, the defendant must show that the deficient performance prejudiced the defense.
 This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
As this court stated in State of Ohio v. Foster (June 22, 2000), Cuyahoga App. No. 76383, unreported:
 The burden of showing deficient performance is a heavy one since counsel in Ohio are presumed competent. State v. Smith (1981), 3 Ohio App.3d 115, 444 N.E.2d 85. In evaluating defense counsel's performance, a reviewing court must accord deference to counsel's strategic choices from counsel's perspective at the time of trial, without the benefit of hindsight. Strickland, supra. In order to show prejudice, the defendant must show that a reasonable probability exists that, but for counsel's error, the result of the trial would have been different. State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus.
The trial court's jury charge accurately reflected the elements of R.C. 2929.322, including the mens rea requirement of knowledge. (Tr. 555-556). The trial court also correctly relied on R.C. 2929.322(B)(2) when it instructed the jury that mistake of age was not a defense. Therefore, defense counsel's decision not to object to the trial court's jury instructions did not constitute ineffective assistance of counsel.
Defense counsel's decision not to challenge the constitutionality of R.C. 2929.322 also constituted a reasonable trial tactic. Statutes are presumed to be constitutional, and this presumption of constitutionality remains unless it is proven beyond a reasonable doubt that the legislation is clearly unconstitutional. State v. Williams (2000),88 Ohio St.3d 513, 521, 728 N.E.2d 342.
Because R.C. 2907.322(B)(2) has been effective since March 17, 1989, without a successful challenge to its constitutionality, the tactical decision not to challenge the constitutionality of the statute was reasonable. What appellate counsel or any other attorney might have done under similar circumstances is not dispositive of the reasonableness of trial counsel's strategy. See, generally, State v. Clayton (1980),62 Ohio St.2d 45, 49, 402 N.E.2d 1189. Appellant's fifth assignment of error is overruled.
 VI. THE TRIAL COURT ERRED IN SENTENCING DEFENDANT TO OTHER THAN MINIMUM TERMS OF INCARCERATION.
In his final assignment of error, appellant challenges the sentence imposed upon him by the trial court. Appellant asserts that the trial court should have imposed the minimum sentences under R.C. 2929.14(B).
The trial court sentenced appellant to a prison term of five years for pandering sexually oriented matter involving a minor, a felony of the second degree. R.C. 2907.322(C). The minimum prison term for a felony of the second degree is two years. R.C. 2929.14(A)(2). The court also imposed upon appellant a concurrent prison term of six months for illegal use of a minor in nudity-related material, which was the minimum prison term for a felony of the fifth degree. R.C. 2907.323(B); R.C.2929.14(A)(5).
R.C. 2929.14(B) provides:
 Except as provided in division (C), (D) (2), (D) (3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. (Emphasis added.)
The Supreme Court of Ohio has held that the sentencing court must impose the minimum sentence on a felony offender who has never served a prison term unless the record of the sentencing hearing reflects that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence. State v. Edmonson (1999), 86 Ohio St.3d 324, 326, 715 N.E.2d 131.
The trial court gave the following colloquy during appellant's sentencing hearing:
 The Court is going to sentence you pursuant to 2929.11 and .12, all subsections therein, and inform you, sir, that the overriding purpose of this sentence that you are about to receive is to punish you and to protect the public from future crimes by you and others like you.
* * *
 I'm going to give you a sentence commensurate with the seriousness of your conduct. Anything less of a sentence would diminish the importance of the case, importance of the statute, of the law, and diminish the protection that this community owes to women like the victim in this case and others.
 I take this to be an extremely serious offense. The sum of the relevant factors is that you were hunting, leering, searching as a predator, a man in his 40s here, for a young girl, and you entice them with these ads and money and false representations.
* * *
 The film has you engaging in sexual conduct and contact with these individuals down there. That — it's reprehensible.
 Despite the fact that you have never been to prison before, despite the fact that you have no criminal prior record of a felony nature, you, sir, deserve to go to prison and you are going to be sentenced accordingly. Now, the statute, as I read it, prohibits the high end, which would be seven to eight years in prison, but since this Court has found that recidivism is likely and consistent with the Court psychiatric report, the Court is going to exclude the low year range of two or three years. I'm going to put you in the mid range. (Emphasis added.)
(Tr. 628-630.)
Here, the record clearly establishes the trial court's findings that: (1) the shortest prison term would demean the seriousness of appellant's conduct; and (2) a minimum sentence would not adequately protect the public from future crime by appellant. R.C. 2929.14(B). Either one of these findings would have been sufficient to support the imposition of longer than the minimum term of imprisonment. Edmonson, supra.
Appellant also maintains that the record does not support his sentence. R.C. 2953.08(G)(1)(a) provides:
 The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
(a) That the record does not support the sentence.
Pursuant to R.C. 2953.08(G)(1)(a), an appellate court may only reverse a sentence if it finds by clear and convincing evidence that a sentence is not supported by the record. State v. Phillips (Oct. 12, 2000), Cuyahoga App. No. 77082, unreported, citing State v. Owens (Nov. 24, 1999), Cuyahoga App. No. 75434, unreported. In the instant case, the record clearly supports the sentence imposed by the trial court.
Based upon the foregoing, appellant's sixth assignment of error is overruled. The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J. and ANN DYKE, J. CONCUR.
 ______________________________________ JOYCE J. GEORGE, JUDGE, (Retired Judge of the Ninth Appellate District, Sitting by Assignment).